POTTER DRUG & CHEMICAL CORP. v. PASFIELD SOAP CO.

(Circuit Court, E. D. New York. June 2, 1900.)

1. TRADE-MARKS—INFRINGEMENT—ARTIFICIAL WORDS.

A person cannot fashion a word not theretofore existing, and, by using the same as a trade-mark or trade-name, exclude the use by another of an existing word in its meaning suitably adapted to the nature of the article to be sold, where the meaning of such word is quite distinct from the meaning suggested by the artificial word.

2. SAME—"CUTICURA."

The word "Cuticura," used as a trade-mark for a soap, is not infringed by the use of the word "Cuticle," also as a name for a toilet soap.

3. SAME—UNFAIR COMPETITION.

Complainant was the proprietor of the word "Cuticura," as a trade-mark for a toilet soap. Defendant also put up for sale and placed upon the market a toilet soap, under the name "Cuticle Soap." In circulars which defendant inclosed in the wrapper with each cake of soap, it copied some of the reading matter from complainant's circulars similarly inclosed. The style of letters used in printing the name "Cuticle" was also somewhat similar to those in which the name "Cuticura" was printed by complainant. Held, that such facts did not establish unfair competition, where defendant's soap itself was of a different color from complainant's, and the wrappers inclosing each cake and the boxes in which a number of cakes were inclosed were so entirely dissimilar in color and general appearance that no purchaser of ordinary observation would be deceived thereby.[1]

---

[1] As to unfair competition in trade, see notes to Scheuer v. Muller, 20 C. C. A. 165, and Lare v. Harper Bros., 30 C. C. A. 376.

In Equity.   Suit for infringement of a trade-mark.

Livingston Rutherford (J. E. & Wm. Maynadier, of counsel), for complainant.

Noah Tebbetts, for defendant.

THOMAS, District Judge.   The complainant shows that it is, and for many years has been, the owner and user of the duly-registered name "Cuticura" as a trade-mark for soap, and that during such time it has used a peculiar style of type, and that the name "Cuticura" was printed on the covers of the boxes; that a capital "C" of peculiar design was used; and that the name of "Cuticura" was also printed on the sides and ends of the boxes, and on the top and sides of the package in which each cake was wrapped.   The bill charges that:

"Since the 1st day of August, 1898, the defendant has been unlawfully putting up for sale and selling a soap inferior in quality to that of the complainant, in wrappers and packages on which were printed the name 'Cuticle,' and has imitated the style of type used by your orator in printing its labels and packages aforesaid, and still continues so to do, and that the defendant has thereby deceived and mislead the public, and led them to buy the soap so put up for sale by the defendant as and for the Cuticura Soap made and sold by your orator. * * * That the use of the said name 'Cuticle' on the packages and wrappers of soap by the defendant is an effort on the part of the defendant to imitate and simulate the trade-mark of your orator, and has been adopted by the defendant for that purpose, and that the same is in fact an imitation and simulation, and is calculated to deceive the public, and that the public has been deceived by such imitation and simulation. And, further, that the defendant sells its soap at a less price than your orator's regular, established, and well-known price, for the purpose of more readily inducing the public to buy its soap as the soap of your orator's make."

It will be observed that the charge is that the defendant uses the name of "Cuticle," and that he has imitated the style of type used by the complainant, and that he has thereby deceived and misled the public.   The facts show that the defendant does manufacture and sell Cuticle Soap.   Both the complainant and the defendant include three cakes of soap in each box.   The defendant's box is approximately one-quarter of an inch longer, and slightly wider, than the complainant's box.   The complainant's box is colored black, and the defendant's box is of a brick-red color.   On the cover of the complainant's box are the words:

"Fragrant and refreshing Cuticura Soap.   For cutaneous affections, the toilet, the bath, and nursery.   This soap contains, in a modified form, all the medicinal properties of 'Cuticura,' the great skin cure."

The defendant's cover contains the following:

"Soothing, protective, & restorative, fragrant & refreshing Cuticle Soap, for the toilet, nursery, bath, & cutaneous diseases.   Recommended for athletes. Cures chafes, sunburn, blisters, prickly heat, redness, sore eyes, old sores, skin irritation, eczema, chapped hands, hemorrhoids."

The ends of the complainant's box show these words, "Quarter Dozen Cuticura Soap," while the ends of the defendant's box show, "Quarter Dozen Cuticle Soap."   On the front and opposite sides of the complainant's box are the words, "Cuticura, Cuticura Resolvent, and Cuticura Soap," and the words; "Prepared by Potter Drug & Chemical Corporation, Boston, U. S. A.," while on the same relative sides of the

defendant's box are the words, "Soothing, protective, and restorative, for the toilet, nursery, bath, & cutaneous diseases; all skin irritation. Does not dry & shrivel the skin & hair. Use after shaving." In the matter of type there is some similarity, especially in the peculiar style and position of the letters "C" and "S" wherever the name of the soap is exhibited, but the appearance of the defendant's outer box is so absolutely dissimilar and distinctive that no deception or confusion could reasonably arise.

Passing from the boxes to the wrappers immediately about the soaps, the following conditions are found. On the face of the complainant's package are the words, "Cuticura Soap, medicinal and toilet,"—each word being placed under the word which precedes it; and beneath all, on a single line, are the words, "Price, 25 cents." The same identical arrangement occurs on the defendant's soap, except that above the word "Cuticle" are the words, "Trade-mark registered," and beneath the word "toilet" are the words, "Price, 15 Cents." But the paper surrounding the complainant's soap is black, while the cardboard surrounding the defendant's soap is bright red. The words are printed on the complainant's package in red letters, and on the defendant's package in white letters. There is some similarity in the type, especially in the use of the capital letter "C" in "Cuticura" and "Cuticle." The defendant's soap is inclosed in a paper box, while complainant's soap is wrapped in paper, sealed at the ends. On the two shorter sides of the defendant's package are the words "Cuticle Soap," while on the complainant's package is a monogram composed of the initial letters of the words composing the name "Potter Drug and Chemical Corporation." One end of the complainant's package, also, is covered by a revenue stamp, which is placed in a position different from that on the defendant's package. On the longer sides of the defendant's package also appear the words "Cuticle Soap," while the complainant's package in the same relative position shows these words on one side, "This soap contains, in a modified form, all the medicinal properties of Cuticura, the great skin cure," and on the other side, "Healing, soothing & cleansing, fragrant & refreshing. For all cutaneous affections. The toilet, bath, and nursery. For shaving and shampooing." Beneath the exterior covering of the complainant's package are two circulars of a pink hue, one wrapped immediately about the cake of soap, with the intervention of a paper covering, and the other wrapper encircling the package in the form of a belt. On the upper wrapper is placed an adhesive stamp of a bright orange color, containing the words, "Cuticura, Cuticura Soap, Cuticura Resolvent," showing the names of the manufacturers, etc. Around the defendant's cake of soap is a single white circular, bearing no cuts or illustrations, save that of the face of the soap itself, and bearing conspicuously at its head the words, "Pasfield's Cuticle Soap," while on the complainant's circular, whose heading is "Cuticura Soap," is displayed a figure calculated and intended to attract special attention. There is not the slightest similarity in the appearance of these circulars, although there is obvious copying of some portion of the contents of the circular connected with the Cuticura Soap into the other circular, to which attention will be called.

Coming to the cakes of soap themselves, there is positive dissimi-larity. The complainant's cake is different from the defendant's soap in shape and size, different in its color, which is deep green, while the defendant's soap more nearly approaches a blue. On the face of the complainant's soap are the words, "Cuticura Soap, medic-inal & toilet," while on the face of the defendant's soap are the words, "Pasfield's Cuticle Soap, for skin and complexion."

It is not obvious how any person of usual eyesight or observation could be misled or confused respecting these articles, by the appear-ance of the articles, by the wrapping immediately about the same, by the exterior wrapping, or by the exterior surroundings. In other words, what a purchaser would ordinarily and necessarily see in select-ing the article could in no instance lead him into error in making his purchase. The contents of the inner circulars, however, show greater similarity, although there is absolute dissimilarity in appearance. It is very obvious that the person composing the defendant's circular copied whole sentences directly from the complainant's circular. For instance, the complainant's circular, under its immediate heading, contains the words, "Medicinal and toilet, an exquisitely perfumed skin beautifier, and toilet, bath, and nursery sanative." Although the complainant's circular shows some other words in conjunction with those quoted, the quoted words are transferred bodily into the defend-ant's circular, so as to occupy the same relative situation. In the body of the complainant's circular are at least three sentences or paragraphs, the very words of which have been transferred to the de-fendant's circular. This pilfering of language is obvious, but the circulars themselves are entirely unlike in appearance, size, and usually unlike in matter, although there are similarities other than those to which attention has been called. The reverse side of the defendant's circular is blank, while that of the complainant contains advertise-ments in several foreign languages. Notwithstanding the unfavorable opinion that must attach to this act of the defendant in using the language of the complainant's circular, yet it cannot be concluded that such act had any effect in misleading persons proposing to pur-chase complainant's soap.

The remaining question is whether the use of the words "Cuticle Soap" by the defendant infringes complainant's trade-mark, "Cuti-cura Soap." The words are to a considerable degree unlike to the eye, unlike to the ear, unlike in spelling, unlike in meaning, and unlike in suggestion. The complainant's word, "Cuticura," suggests that the soap is curative in its application to the skin. The defendant's word, by itself, has no such meaning, although the indorsements upon the back illustrate that it is recommended for various diseased condi-tions of the skin. But such recommendation is quite apt to accompany the advertised sale of any soap used for toilet purposes, and it is quite beyond the power of the complainant to monopolize such advantage. In Chemical Corp. v. Miller (C. C.) 75 Fed. 656, the defendant offended by using the words "Curative Soap," with such lettering and arrange-ment as to produce a deceptive resemblance to the complainant's trade-mark. It appears from the decision of the learned judge in that case that the defendant branded his soap "Curative," with such

lettering and arrangement as to produce a deceptive resemblance to the complainant's trade-mark, and "that the defendant's soap was put upon the market in such wrappers and boxes, and with such imitative devices, as to deceive purchasers, and to lead them to believe that they were buying the plaintiff's soap"; and at least one of the defendants acted with positive bad faith, in intending to deceive the public. The facts present in the case cited are not now present, nor is there any such resemblance between the word "Cuticura" and "Cuticle" as to indicate infringement of the complainant's trade-mark. It is considered that a person cannot fashion a word, not theretofore existing, and thereafter exclude the use of an existing word, in its meaning suitably adapted to the nature of the article to be sold, where, as in the present case, the meaning of such word is quite distinct from the meaning suggested by the artificial word. It follows from the foregoing views that the bill of complaint must be dismissed, with costs.