## NATIONAL BISCUIT CO. v. J. B. CARR BISCUIT CO.

(Court of Appeals of District of Columbia. Submitted November 12, 1924. Decided December 1, 1924.)

No. 1677.

Trade-marks and trade-names and unfair competition ⬅️43—Trade-mark "Eta," for biscuits and crackers, held not subject to registration, because too similar to trade-mark "Uneeda."

Trade-mark "Eta," for crackers and biscuits, held not subject to registration, because too similar to previously registered trade-mark "Uneeda."

Appeal from the Commissioner of Patents.

Application for registration of trademark by the J. B. Carr Biscuit Company, opposed by the National Biscuit Company. Decision of Examiner of Interferences, dismissing opposition, was affirmed by Commissioner of Patents, and the objector appeals. Decision of Commissioner of Patents reversed, and opposition sustained.

William L. Symons, of Washington, D. C., and F. P. Warfield, E. W. Leavenworth, and J. W. Anderson, all of New York City, for appellant.

E. T. Fenwick and C. R. Allen, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. On May 17, 1920, the J. B. Carr Biscuit Company, now the appellee, filed an application in the Patent Office for the registration of the word "Eta" as a trade-mark for its biscuits and crackers, claiming that it had continuously used the same in the sale of such commodities since July 1, 1911.

The National Biscuit Company, now the appellant, opposed the registration upon the contention that the word "Eta," if used as a trade-mark for biscuits and crackers, would be so similar to the word "Uneeda," which is the opposer's prior trade-mark for similar goods, that it would cause confusion in the trade, deceive purchasers, and inflict great injury upon the opposer.

The Examiner of Interferences dismissed the opposition, and held that the applicant company was entitled to a registration of the mark. This decision was affirmed by the Commissioner of Patents; hence the present appeal.

No testimony was taken by either party, but by stipulation the following facts were brought upon the record, to wit: that the National Biscuit Company is a corporation organized to manufacture, buy, sell, and export biscuits and crackers; that in the year 1898 it adopted the word "Uneeda" as a trade-mark in advertising and selling such articles; that the mark was duly registered on December 27, 1898, and the company has continuously used it in its biscuit trade since that date; that it has advertised its goods under the mark at very great expense, and has built up an extensive trade with it, so that now the mark possesses a commercial value of many millions of dollars, and the good will of the company depends largely

upon preventing the mark from being imitated.

In answer to certain interrogatories the applicant company stated that it had advertised the mark "Eta" in its biscuit trade, and had expended "more than $200" for advertising it in newspapers, calendars, and lithographic store display cards.

Upon the foregoing facts, it is our opinion that the words "Uneeda" and "Eta," if used as trade-marks for competing articles of identical character, are sufficiently similar both in sound and meaning to produce confusion in the trade, and to deceive purchasers, and that under the circumstances disclosed by the record such confusion in this instance would naturally and necessarily result in great injury to the opposer.

The similarity of sound between the two words is obvious. The dominating vowel of each is the letter "e," and this is pronounced alike in both words. The final consonant in one word is the letter "d," in the other the letter "t"; these have an almost similar sound as frequently pronounced. The last letter in each word, the vowel "a," adds substantially to the resemblance. In fact, it may fairly be said that the word "Eta" differs so slightly in sound from the last two syllables of the word "Uneeda" that the applicant stands in no better position than if its proposed mark consisted simply of the word "Eeda." In other words, the name "Eta," when spoken produces the same sound as the last two syllables of the name "Uneeda." These syllables, however, are the ones which are most distinctly pronounced, the first syllable of the word not being accented, and accordingly a word having the sound of the last two syllables is practically an echo of the entire word as usually spoken. Furthermore the two words, "Uneeda" and "Eta," similarly express an appeal to purchasers to buy the marked articles for personal consumption, thus adding a similarity of meaning to that of sound.

Moreover, it is rightly argued by the appellant that biscuits and crackers are generally put up for the retail trade in small packages, costing but little, and are frequently purchased, perhaps in haste, at store counters by persons unable to read, including children, servants, foreigners, and uneducated persons, and are also often ordered over the telephone. These circumstances give emphasis to the fact that a similarity in the sounds of the trade-mark of such competing articles would naturally result in confusion. Under such circumstances, an article of great merit, extensively advertised, and representing a large investment for publicity, is likely to be confused in the retail trade with other articles, to the great loss of the vendors, and to the prejudice of the purchasing public.

In O. & W. Thum Co. v. Dickinson, 46 App. D. C. 306, this court, speaking by Mr. Justice Robb, said:

"When it appears, therefore, as it does here, that a large and prosperous business has been built up by legitimate effort, and that a trade-mark has become associated in the mind of the public as pointing to the origin of the manufactured product, it is our duty carefully to protect the rights of the manufacturer, to the end that the Trade-Mark Act shall not become a vehicle of unfair competition. As we have many times stated, there is absolutely no excuse, either legally or morally, for an even approximate simulation of a well-known trade-mark appropriated to goods of the same descriptive properties. And when it becomes apparent that such an attempt has been made, the two marks should not be examined with a microscope to detect minute differences, but rather should be viewed as a whole, as the general public would view them. The points of similarity are more important than the points of difference."

See, also, National Biscuit Co. v. Baker (C. C.) 95 F. 135; Welsbach Light Co. v. Adam (C. C. A.) 107 F. 463; Waltke v. Schafer & Co., 49 App. D. C. 254, 263 F. 650; Gehl v. Hebe Co. (C. C. A.) 276 F. 271; Ramopa Co. v. A. Gastun & Co., Inc. (D. C.) 278 F. 557.

The decision of the Commissioner of Patents is accordingly reversed, and the opposition is sustained.