## HYDRAULIC PRESS BRICK CO. v. STEVENS.

(Circuit Court of Appeals, Fifth Circuit. October 19, 1926.)

No. 4709.

1. Appeal and error ⊕=907(2).

Facts found by District Judge will be presumed supported by evidence, where evidence does not appear in transcript of record.

2. Trade-marks and trade-names and unfair competition ⊕=59(5).

Use of word "Hyfrax" on brick products held to constitute infringement of trade-mark "Hy-Tex."

3. Trade-marks and trade-names and unfair competition ⊕=61.

That one using infringing trade-mark manufactured fire brick, as differentiated from face or tapestry brick, manufactured by owner of trade-mark, held immaterial, in determining whether competition was unfair.

Appeal from the District Court of the United States for the Northern District of Georgia; Samuel H. Sibley, Judge.

Trade-mark infringement suit by the Hydraulic Press Brick Company against Stevens, a corporation. Decree for defendant,

and plaintiff appeals. Reversed, with directions.

See, also, 1 F.(2d) 460.

Harold Hirsch, of Atlanta, Ga., and Edward S. Rogers and Allen M. Reed, both of Chicago, Ill., for appellant.

George Westmoreland, of Atlanta, Ga. (John L. Westmoreland, of Atlanta, Ga., on the brief), for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. This suit was brought by appellant to enjoin appellee from infringing a trade-mark. The bill alleges that for many years appellant has been extensively engaged in the manufacture and sale, in interstate commerce, of brick; that in the year 1913 it patented, and has since used as a trade-mark for brick of its manufacture, the arbitrary word "Hy-Tex"; that the trade-mark was duly registered in the United States Patent Office in 1914; that appellant's bricks bearing that trade-mark "have been extensively advertised, are well known, and have acquired a good reputation, so that the name 'Hy-Tex,' as applied to brick, indicates and identifies the brick manufactured" by it; and that appellee, with full knowledge of the premises, began to sell brick stamped with the word "Hytest." Appellee in its answer denied that the word "Hy-Tex" is an arbitrary word, and averred that it is a compound word, which is merely descriptive of character and quality; admitted that it was using the word "Hytest," but averred that such use was limited to fire brick, and that appellant's trade-mark was only used to designate face or tapestry brick.

The District Court, after hearing the evidence, found, as alleged in the bill, that for many years appellant had used the word "Hy-Tex" as its trade-mark for brick of its manufacture, and that such word indicated to prospective purchasers and consumers the brick manufactured by appellant, and enjoined appellee from further using in connection with the sale of brick manufactured by it the use of the word "Hytest," which the court found was a colorable imitation, or any other similar word. It further appears, from supplemental bills and answers thereto, that appellee gave up the use of the word "Hytest" and substituted instead the words "Hyertest" and "Hyestest." The District Court enjoined the use of these words also, and thereupon the appellee began the use of the word "Hyfrax" to indicate brick of its manufacture. The District Court refused to enjoin the use of this last word, notwithstanding he considered it also an infringement of appellant's trade-mark, for the reason, as stated in the argument, that defendant would not appeal, but would continue to evade the injunction by substituting other words for those theretofore enjoined by the court, and so the injunction was denied, so as to enable the plaintiff to appeal.

[1, 2] The evidence taken before the District Judge does not appear in the transcript of record, and it therefore is to be conclusively presumed that the facts found by the District Judge were supported by the evidence. Consequently we must assume that Hy-Tex is an arbitrary word, which for many years appellant has used as a trade-mark. It necessarily follows that the trade-mark is valid, and the only question is whether it has been infringed by appellee. It is quite apparent that it was appellee's intention to profit by the use of a word so similar to appellant's trade-mark as to deceive the purchasing public, and thus profit by and get the benefit of the good will and reputation built up at appellant's expense. If it had been appellee's intention to indicate its own product, or to keep it from being confused with the products of others, clumsy subterfuges would not have been employed; but, on the other hand, a designation would have been made, with the object in view of making improbable the confusion of appellee's goods with those of others. The word "Hyfrax," which it finally adopted, was as well calculated to make the intention to deceive successful as were any of the words, the use of which had been previously enjoined. There is a substantial similarity between the words "Hy-Tex" and "Hyfrax."

Each word begins with "Hy" and each ends with an "x"; they are made of equal length by substituting the letter f in the latter for the hyphen in the former. Both being fictitious words and without meaning, the slight dissimilarity in pronunciation is immaterial, as it would in all probability not be noticed by the average purchaser. In Hamilton-Brown Shoe Co. v. Wolfe Brothers & Co., 240 U. S. 251, 36 S. Ct. 269, 60 L. Ed. 629, the words "American Girl Shoes" were held to be infringed by the words "American Lady Shoes." And in Coca-Cola Co. v. Koke Co., 254 U. S. 143, 41 S. Ct. 113, 65 L. Ed. 189, the words "Coca-Cola" were held to be infringed by the word "Koke." The similarity here present is at least as close as it was in either of the cited cases.

[3] Appellee contends that it only manufactured fire brick, and appellant only mann-

factured face or tapestry brick, and thereupon argues that it was not engaged in unfair competition. Whether the fact is as contended we have no means of knowing, as the evidence is not before us. But, for the benefit of further proceedings in the District Court, we deem it proper to say that in our opinion any difference in the character of brick manufactured or sold by the respective parties would be immaterial, for the reason that appellant has the right to protect its trade-mark and reputation from the possibility of having inferior goods, which it does not manufacture, represented in the market as goods which it does manufacture.

The decree is reversed, with directions to issue the injunction prayed for by appellant.