NORTHAM WARREN CORPORATION v. UNIVERSAL COSMETIC CO.

Circuit Court of Appeals, Seventh Circuit. April 29, 1927.

No. 3766.

1. Trade-marks and trade-names and unfair competition ☞59(5) —Use of trade-mark "Cuticlean" held infringement of trade-mark "Cutex," used on substantially identical goods.

Trade-mark "Cuticlean" *held* deceptively similar to trade-mark "Cutex," and its use on substantially identical goods an infringement of trade-mark rights.

2. Trade-marks and trade-names and unfair competition ☞59(1)—Test of trade-mark "infringement" is not identity or similarity of words, but whether one with indefinite recollection of real mark would likely be misled.

"Infringement" of trade-mark does not depend on the use of identical words, nor on the question whether they are so similar that a person looking at one would be deceived into the belief that it was the other; it being sufficient if one mark is so like another in form, spelling, or sound that one with not a very definite or clear recollection as to the real mark is likely to be confused or misled.

[Ed. Note.—For definitions, see Words and Phrases, First and Second Series, Infringement.]

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Action by the Northam Warren Corporation against the Universal Cosmetic Company. From a decree dismissing its bill, plaintiff appeals. Reversed, with directions.

Mock & Blum, of New York City, and George E. Mueller, of Chicago, Ill., for appellant.

Edwin D. Lawlor, of Chicago, Ill., for appellee.

Before ALSCHULER, PAGE, and ANDERSON, Circuit Judges.

PAGE, Circuit Judge. [1] In appellant's suit, charging appellee with unfair competition and infringement of its registered trade-mark "Cutex," the master's findings, favorable to appellant, were reversed by the court, and the bill dismissed. The evidence was not sufficient to justify a finding for appellant on the charge of unfair competition.

Numerous of the articles made and sold by the parties were, as to the purposes for which they were intended and advertised to the public, substantially identical. Appellee said in argument that the formula for the cuticle removing liquid was probably the same in both articles.

Appellee used as its designating trade-mark the unregistered "Cuticlean," and the only question is: Is there, considering the purposes for which they were used, such a similarity in the words "Cutex" and "Cuticlean" as to amount to an infringement? The words were fashioned by the respective parties, and neither word had any pre-existence or meaning. This case differs in that respect from the cases of Potter Drug Co. v. Pasfield Soap Co. (C. C.) 102 F. 490, 494, and (C. C. A.) 106 F. 914, and Flexlume Sign Co. v. Opalite Sign Co., 292 F. 98 (7th C. C. A.).

A trade-mark is but a species of advertising, its purpose being to fix the identity of the article and the name of the producer in the minds of the people who see the advertisement, so that they may afterward use the knowledge themselves and carry it to others having like desires and needs for such article. All advertising is an appeal to human interest and instincts, and its value has become so well known that manufactur-

ers, merchants, and other concerns, having property for sale, oftentimes spend millions annually in creating a market and keeping open markets already created. Experience seems to justify such expenditures.

While the human mind drops and forgets much that it hears and sees, yet it holds fast to some word, place, name, sign, or symbol contained in an advertisement, through which some human need has been supplied, and that recollection is carried by the people into times and places far removed from the times and places of the publication. Great newspapers publish an advertisement for a day, but many of the people who read publish it again through many days and places. The spread of an advertisement among people is like ever-spreading ripples from a pebble thrown into still water. The ripples go out and out in an ever-increasing circle from a common center, long after the pebble is lost to sight, and, although the ripples become fainter and fainter, the originating center can always be found, until the water's surface is again at rest. Throwing pebbles into water is child's play, but knowledge of a trade-mark, through advertising and as carried by the people, is an important, valuable business asset, gained at much expense. It is a right which the one who creates it may say shall not be obstructed or confused by unfair methods or practices of competitors, so long as it continues to carry force, although the force may be far-spent and the recollection of the origin dimmed. It is at such times that great harm may be done by confusion, arising from the use of trade-names or trade-marks but slightly resembling that of a competitor.

One entering a field of endeavor already occupied by another should, in the selection of a trade-name or trade-mark, keep far enough away to avoid all possible confusion. We can see no purpose or reason for the selection of "Cuticlean" by one entering the field where another is doing a similar business using as its trade-mark "Cutex," except it be done with the hope that benefit might accrue from the similarity. There can be no excuse or justification for such acts. [2] Whether there is an infringement of a trade-mark does not depend upon the use of identical words, nor on the question as to whether they are so similar that a person looking at one would be deceived into the belief that it was the other; but it is sufficient if one adopts a trade-name or a trade-mark so like another in form, spelling, or sound that one, with a not very definite

or clear recollection as to the real trade-mark, is likely to become confused or misled.

The decree of the District Court is reversed, with directions to enter a decree in accordance with the findings herein.