**NATIONAL FOOD PRODUCTS CORPORA-TION, Inc., v. JELL–O CO., Inc.**

Court of Appeals of District of Columbia.
Submitted March 17, 1927. Decided
May 2, 1927.

No. 1942.

1. **Trade-marks and trade-names and unfair competition ⬤➡43—Powdered mixtures for making desserts, either with or without gelatine, and custard powder for making custards and puddings, held goods of same descriptive properties.**

Powdered gelatine mixture for use in making desserts, and similar mixture without gelatine used in making desserts having characteristics of ice cream, puddings, etc., and a custard powder used for making custards, puddings, and pies, *held* goods of same descriptive properties, as affecting right to registration of similar trademarks.

2. **Trade-marks and trade-names and unfair competition ⬤➡43—Registration of trademark "Jell-O" held to preclude registration of trade-mark "Mel-O" for use on similar goods.**

Registration of trade-mark "Jell-O" *held* to preclude another's registration of trademark "Mel-O" for use on goods of same descriptive properties.

Appeal from Commissioner of Patents.

Application by the National Food Products Corporation, Inc., for registration of trade-mark, opposed by the Jell-O Company, Inc. From a decision of the Commissioner of Patents, sustaining opposition, applicant appeals. Affirmed.

D. P. Wolhaupter, of Washington, D. C., for appellant.

J. L. Norris and W. G. Henderson, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. This appeal challenges concurring decisions of the Patent Office sustaining the opposition of the Jell-O Company, Inc., to the registration of the word "Mel-O" as a trade-mark upon application of the National Food Products Corporation, Inc.

The opposer company is the owner of the trade-mark "Jell-O," which it and its predecessors have advertised at great expense since the year 1900, and which has become and is a very valuable asset in trade. The mark is used on a mixture containing gelatine, for making certain desserts, and also on a mixture containing no gelatine, for use in making desserts having the characteristics of ice cream, puddings, and various other similar desserts. The company's predecessor obtained registration of the mark "Jell-O" on May 19, 1903, and September 22, 1908; the latter registration being for use upon a "compound used in the preparation of jellies, desserts, pastries, and ice cream."

The applicant company seeks registration of the notation "Mel-O" placed upon a splotch of color contrasting with the letters, used for a custard powder, for making custards, puddings, and pies; use being claimed since February 23, 1923.

[1] The mixture of the applicant resembles that of opposer; they are both in powdered form; they are put up in the same manner; they sell for practically the same price, and are prepared for consumption in substantially the same manner. They are clearly goods of the same descriptive properties. N. Wolf & Sons v. Lord & Taylor, 41 App. D. C. 514; Oppenheim, Oberndorf & Co. v. President Suspender Co., 55 App. D. C. 147, 3 F.(2d) 88.

[2] The opposition is based upon the ground that "Mel-O" is deceptively similar to opposer's trade-mark "Jell-O," and, when so applied to the same description of goods, will likely cause confusion in trade, to the serious injury of the opposer.

Each party has taken considerable testimony in the case, and both have filed briefs. We do not find it necessary, however, to enter here into a detailed discussion of the evidence and arguments, for in our opinion the words "Jell-O" and "Mel-O" are so obviously similar both in sound and appearance that the use of both as trade-marks upon goods of the same descriptive properties would manifestly be likely to mislead the purchasing public, and produce confusion in the trade. National Biscuit Co. v. J. B. Carr Biscuit Co., 55 App. D. C. 146, 3 F.(2d) 87; Coca-Cola Co. v. Chero-Cola Co., 51 App. D. C. 27, 273 F. 755; Thomas Mfg. Co. v. Aeolian Co., 47 App. D. C. 376. The conclusion cannot be avoided that this would result in prejudice and loss to the opposer company. Patton Paint Co. v. Orr's Zinc White, Ltd., 48 App. D. C. 221; O. & W. Thum Co. v. Dickinson, 46 App. D. C. 306.

The decision of the Commissioner of Patents is affirmed.