### STANCO, Inc., γ. MITCHELL et al.
### No. 624.

District Court, W. D. Texas, San Antonio Division.

Dec. 14, 1937.

Andrews, Kelley, Kurth & Campbell, of Houston, Tex., and George S. Rice, Jr., of San Antonio, Tex., for plaintiff.

Randle Taylor, of San Antonio, Tex., for defendant.

McMILLAN, District Judge.

Here, the manufacturer and seller of the insecticide "Flit" seeks injunctive relief against the manufacturers and sellers of the insecticide "Mit."

By pleading and proof, plaintiff shows valid trademark registrations under the federal act of the word "Flit," and continuous and exclusive use of such trademark since its adoption in 1923.

The evidence shows without contradiction that plaintiff has spent millions of dollars in advertising this name "Flit"; that the advertisements were not only visual but were by way of sound. It has spent a great deal of money in advertising over the radio, and the commodity not only is purchased in millions of packages by persons who actually see it and look at it when they purchase it, but also by people who order it over the telephone or send for it, with the result that said commodity is now well

and favorably known to the public as and by the name "Flit," and said name now possesses a distinct and identifying significance and refers to plaintiff's product.

The evidence further shows that for several years defendants have manufactured and sold insecticide in large containers under the name "Mitchellite," but only since 1936 have they marketed and sold insecticide in small containers under the name "Mit." Defendants attempt to justify their use of the word "Mit" on the ground, among others, that said word consists of the first three letters of their name and of the trade-name of their business.

I am not attempting to say or to hold that the name "Mit" was adopted purposely to obtain the benefit of the advertising and good will attaching to the commodity "Flit," but whether it was or not, the fact remains that to a certain extent it does. The suggestion that the word "Mit" is available for defendants' use because an abbreviation of their own name does not impress me. Guggenheim v. Cantrell & Cochran, 56 App.D.C. 100, 10 F.2d 895; Proctor & Gamble Co. v. Eney Shortening Co., 50 App.D.C. 42, 267 F. 344; Standard Oil Company v. Epley, Cust. & Pat.App., 44 F.2d 997. In my opinion, there is no legal justification for taking a name of no particular significance, like "Mit," so nearly allied in sound to "Flit," and attaching it to identically the same character of commodity. The party who proposes to market an insecticide should stay farther away from an appropriated name than that. The word "Mit" possibly might be used if there was any reason for using it in connection with some character of commodity substantially different from that manufactured and marketed by plaintiff, but when a word very nearly of the same character as the word "Flit" is used in connection with identically the same character of commodity, there necessarily occurs in my opinion an infringement. The greater or lesser extent of the infringement is not altogether controlling. If it is sufficiently substantial to occasion damage or injury to the party who has preoccupied the field, then it should be restrained.

I do not think that infringement is dependent upon the use of identical words or of literal copy. An accepted test seems to be whether a trade-mark or the name of a commodity is so like another, in appearance, spelling, or sound, that an ordinary purchaser, buying under the usual conditions of trade, is likely to be confused and misled. Applying such test, I am of the opinion that here there is an infringement.

Instances of words which have been held to be so similar as to be likely to cause confusion and to infringe are: Celluloid, Cellonite: Celluloid Mfg. Co. v. Cellonite Mfg. Co., C.C., 32 F. 94; Cottolene, Cottoleo: Fairbank Co. v. Central Lard Company, C.C., 64 F. 133; Sapolio, Sapho: Enoch Morgan's Sons Co. v. Whittier-Coburn Co., C.C., 118 F. 657; Nucoa, Pecoa: Wilson & Company v. The Best Foods, Inc., 9 Cir., 300 F. 484; Hebe, Meje: Gehl v. Hebe Company, 7 Cir., 276 F. 271; Cutex, Cuticlean: Northam Warren Corp. v. Universal Cosmetic Co., 7 Cir., 18 F.2d 774; Poro, Molo: Malone v. Horowitz, Cust. & Pat.App., 41 F.2d 414; Listogen, Listerine: Lambert Pharmacal Co. v. Bolton Chemical Corp., D.C., 219 F. 325; Hy-Tex, Hyfrax: Hydraulic Press Brick Co. v. Stevens, 5 Cir., 15 F.2d 312.

I recognize and accept the rule of the federal courts that there is no excuse for even an approximate simulation of a well-known trade-mark applied to goods of the same descriptive properties, and when applied, as here, to an identical commodity, I am of the opinion that such rule should be rigidly enforced. Another salutary and well-settled rule that should be applied here is that any reasonable doubt should be resolved against the newcomer in the field. Therefore, the defendants, on entering upon the insecticide business already occupied by plaintiff, owed the duty of distinctively naming their product so as to insure against confusion in the mind of the purchasing public.

These conclusions find full support in the federal decisions. I refer, among others, to Northam Warren Corporation v. Universal Cosmetic Company, 7 Cir., 18 F.2d 774; Gehl v. Hebe Company, 7 Cir., 276 F. 271; Hydraulic Press Brick Company v. Stevens, 5 Cir., 15 F.2d 312; Rosenberg Bros. & Company v. Elliott, 3 Cir., 7 F.2d 962.

Accordingly, it is the opinion of the court that injunction should issue as prayed for, restraining the further use of the word "Mit" upon the commodities manufactured and sold by defendants.