## BROWN–FORMAN DISTILLERY CO. v. ARTHUR M. BLOCH LIQUOR IMPORTERS, Inc.

### No. 6581.

Circuit Court of Appeals, Seventh Circuit.

Oct. 25, 1938.

Casanave Young, of Milwaukee, Wis., for appellant.

Thomas M. Galphin, Jr., of Louisville, Ky., for appellee.

Before EVANS, SPARKS, and TREANOR, Circuit Judges.

TREANOR, Circuit Judge.

This cause comes to this court as an appeal by the defendant below from an injunction decree based upon a holding that the defendant had infringed plaintiff's trade-mark. The District Court found, and so held, that the defendant's use of the words "Old Foster," as a trade-mark of a whiskey, bottled and sold by defendant, constituted an infringement of plaintiff's trade-mark "Old Forester," which had been registered pursuant to the Federal Trade-Mark Act of 1905, 15 U.S.C.A. § 81 et seq.; and which had been used since 1870 by the plaintiff, or its predecessors in business, on labels of bottles of whiskey, distilled, bottled and sold by the plaintiff and its predecessors. The defendant-appellant summarizes the errors set forth in the assignment of errors as follows: The court erred in decreeing that the trade-marks in suit, namely Old Forester and Old Foster, are confusingly similar.

The gist of plaintiff's allegations in his complaint is that "the name 'Old Foster' used by defendant is a colorable and deceptive imitation of plaintiff's old established trade-mark 'Old Forester' and the similarity, both visual and auditory, of the words 'Old Foster' to the words 'Old Forester' is so great that the sale by defendant of whiskey labeled 'Old Foster' is calculated to deceive and has deceived and will continue to deceive purchasers into the belief that the defendant's whiskey is the product of plaintiff, unless such sale is enjoined by this Court."

There is no absolute test in fact or in law by the application of which a court can determine whether defendant's trade-mark infringes an older trade-mark of plaintiff. But there are many judicial expressions which furnish a practical standard, or test. Most of the statements are variations of the following language of Lord Cranworth in Seixo v. Provenzende:[1] "What degree of resemblance is necessary is, from the nature of things, a matter incapable of definition a priori. All that courts of justice can do is to say that no trader can adopt a trade-mark so resembling that of a rival as that ordinary purchasers, purchasing with ordinary caution, are likely to be misled."

In Gehl v. Hebe Co.[2] this court affirmed a decree of the trial court which was based upon a finding that the defendant's use of the word "Meje" constituted an infringement of the plaintiff's trade-mark "Hebe," both of which were used in labels which were attached to substantially the same milk products. In the course of its opinion this court pointed out the probability of confusion in the mind of the average consumer when trade-marks having marked similarity in "general form and sound" of words are applied to substantially the same products.[3]

In the case of Northam Warren Corporation v. Universal Cosmetic Co.[4] this court, in its opinion and decision reversing a decree of the District Court, held that the trade-mark "Cutex" was infringed by the defendant's unregistered trade-mark "Cuticlean," the two marks being used for substantially the same goods. The following statement of the test which was applied in the Northam Warren Case, in view of the language used, is strikingly apposite to the facts in the instant case. "Whether there is an infringement of a trade-mark does not depend upon the use of identical words, nor on the question as to whether they are so similar that a person looking at one would be deceived into the belief that it was the other; but it is sufficient if one adopts a trade-name or a trade-mark so like another in form, spelling, or sound that one, with a not very definite or clear recol-

---

[1] L.R. 1 Ch.Div. 192.

[2] 7 Cir., 276 F. 271, 272.

[3] "While the mind may readily conceive many names other than this which would more nearly approximate that of 'Hebe,' we are of the impression that 'Meje' as applied to the same product is an approximation sufficiently close to be deemed an infringement. The two vowels are the same in both, and most persons would pronounce both of these long, accenting the first syllable of each word. The interest of the average consumer in either of the brands is probably not such that he would charge his mind with the precise form and sound of the word. The general form and sound of the words, having marked similarity, would strongly suggest the likelihood of confusion. Although there was here no evidence of actual confusion on the part of customers, this is not easily available, nor indeed necessary where the words themselves suggest it."

[4] 7 Cir., 18 F.2d 774, 775.

lection as to the real trade-mark, is likely to become confused or misled."

 It is not probable that a person comparing the two trade-marks "Old Foster" and "Old Forester" would fail to distinguish between them; but, as stated in the Northam Warren opinion, the significant question is whether a person with a general impression of the real trade-mark would be likely to be confused or misled by the form of the other mark. Also, in the instant case, there was evidence that much of plaintiff's product was sold in taverns where it is served by the drink, and that whiskey served in that manner is bought "more by the name than by the label." There is no doubt merit in plaintiff's suggestion that there is such a marked auditory similarity between the words used in the two trademarks, as these words would be pronounced by the public generally, that there would be a probability of confusion between the two trade names by users and by vendors, when sales are made by the drink.

Defendant correctly insists that the word "Old" considered alone cannot be the subject of infringement. But when the word "Old" is a part of the trade-mark which is claimed to be infringed, and is also used as a part of the allegedly infringing trade-mark, we must consider the word "Old" as an element in the claimed similarity, both visual and auditory. The presence of "Old" as the first word of both marks gives a common element which easily blends visually and phonetically with both "Forester" and "Foster."

In a recent case decided by this court[5] the trade-marks in question contained the words "Red Heart" and "Strongheart" respectively, the words "Red Heart" being superimposed upon the representation of a Red Heart; while the "Strongheart" mark was in the form of a circle with the picture of a dog in the center, the word "Strongheart" appearing in a semi-circular form above the picture of the dog. The Strongheart mark was colored in gray in contrast to the red color of the Red Heart mark. The common word element in the foregoing marks was "Heart"; but this element of similarity was overshadowed by the dissimilar elements of color and sound. There was no probability of ocular confusion and only a very slight probability of auricular confusion. In the instant case the trademarks are used regularly as a part of the

labels, but there are neither verbal nor pictorial elements accompanying the words "Old Forester" or "Old Foster" which tend to distinguish them or to neutralize the obvious tendency to visual and auditory confusion.

The District Court found that "The name 'Old Foster' as applied to whiskey, is confusingly similar to the name 'Old Forester' and a colorable imitation thereof, and likely to deceive the public in the purchase of plaintiff's product and do injury to plaintiff's business." We hold that the trial court did not err in so finding. The conclusions of law followed the foregoing and other findings, which are not in question, and there is no contention that the decree does not conform to the conclusions of law.

The decree of the District Court is affirmed.

---

[5] John Morrell & Co. v. Boyd W. Doyle et al., 7 Cir., 97 F.2d 232.