**PIPER AIRCRAFT CORPORATION,**
Plaintiff,

v.

**WAG–AERO, INC., Defendant.**

No. 80–C–995.

United States District Court,
E.D. Wisconsin.

Nov. 17, 1982.

Douglas W. Wyatt and Thomas A. O'Rourke, Wyatt, Gerber, Shoup, Scobey & Badie, New York City, Maurice J. McSweeney and Mark A. Thimke, Foley & Lardner, Milwaukee, Wis., Patrick J. Walsh, Greenwich, Conn., for plaintiff.

Joseph A. Gemignani, David B. Smith, Michael, Best & Friedrich, Milwaukee, Wis., for defendant.

## DECISION

MYRON L. GORDON, District Judge.

After a three-day bench trial, the parties submitted comprehensive post-trial briefs. This decision will constitute findings of fact and conclusions of law contemplated by Rule 52(a), Federal Rules of Civil Procedure. Piper's complaint charges trademark infringement and false designation of origin under 15 U.S.C. § 1125(a). Wag-Aero's counterclaim seeks judgment for product disparagement and for cancellation of certain Piper trademark registrations.

Piper has long engaged in the business of manufacturing and selling aircraft. Some 30,000 aircraft were sold under the "CUB" label. Currently, Piper is producing a model known as the "SUPER CUB." United States trademark registration certificates have been issued for both the CUB and SUPER CUB names. Wag-Aero sells parts for out-of-production aircraft. Wag-Aero also sells engineering drawings which are designed to assist the buyer of parts in assembling his own airplane. Copies of Wag-Aero's brochures, catalogs and other advertising in which it refers to the plaintiff's products have been presented in evidence. The defendant has frequently added a small "y" after the words "CUB" and "SUPER CUB", but that technique has not been uniformly followed. For example, Wag-Aero issued a parts list for the "Piper Cub." *See* plaintiff's exhibit 30.

■ It is clear that the defendant has a right to sell parts that would fit the plaintiff's aircraft and to distribute parts which a hobbyist could utilize to reproduce one of the plaintiff's models. If Wag-Aero did not use the plaintiff's trademarks in a manner which would confuse prospective customers, it would be free to identify its parts as functional in connection with the plaintiff's products. As Justice Holmes stated in *Prestonettes, Inc. v. Coty,* 264 U.S. 359, 368, 44 S.Ct. 350, 351, 68 L.Ed. 731 (1924):

> "When the mark is used in a way that does not deceive the public, we see no such sanctity in the word as to prevent its being used to tell the truth."

A similar expression of law is found in *Electric Auto-Lite Co. v. P & D Mfg. Co.,* 78 F.2d 700 (2d Cir.1935), where the court found that there was no deception when the alleged infringer used the phrase "to fit Auto-Lite."

It is therefore apparent that a very important issue in the case at bar is whether the defendant's designations are in fact likely to deceive the public. The standards to be applied in evaluating the evidence have been set forth by the court of appeals for this circuit in *Helene Curtis Industries, Inc. v. Church & Dwight Co.,* 560 F.2d 1325, 1330 (7th Cir.1977), *cert. denied,* 434 U.S. 1070, 98 S.Ct. 1252, 55 L.Ed.2d 772 (1978):

> "In determining 'likelihood of confusion' several factors are important: the 'degree of similarity between the marks in appearance and suggestion; the similarity of the products for which the name is used; the area and manner of concurrent use; the degree of care likely to be exercised by consumers; the strength of the complainant's mark; actual confusion; and an intent on the part of the alleged infringer to palm off his products as those of another.'"

■ In support of its argument that a likelihood of confusion exists, the plaintiff has submitted evidence as to three specific situations in which it claims there was actual confusion and, in addition, the plaintiff has presented the results of a survey. The defendant minimizes the three specific events and urges that the survey is based upon a 1980 catalog instead of current advertising of the defendant. In my opinion, the three specific events effectively support the plaintiff's claim of actual confusion. I am also persuaded that the survey produced probative evidence demonstrating the likelihood of confusion. *James Burrough Ltd. v. Sign of the Beefeater, Inc.,* 540 F.2d 266 (7th Cir.1976).

■ The plaintiff has also met all of the other evidentiary criteria called for in the *Helene Curtis Industries* case. The closest issue relates to whether Wag-Aero had an intent to cloak its products as those of Piper Aircraft. While some of the materials used by Wag-Aero suggest that it was merely attempting to identify its product as appropriate replacement parts for the plaintiff's aircraft, there are other numerous instances in which references to the plaintiff and its aircraft are used in a misleading manner. The use of the lower case "y" is, in my opinion, insufficient to alleviate the serious potential for confusion. The defendant was obliged to adopt more clearcut means of avoiding confusion than merely to add a lower case "y" to the words "CUB" or "SUPER CUB." *Union Carbide Corp. v. Ever-Ready Inc.,* 531 F.2d 366, 382 (7th Cir.), *cert. denied,* 429 U.S. 830, 97 S.Ct. 91, 50 L.Ed.2d 94 (1976); *Northam Warren Corp. v. Universal Cosmetic Co.,* 18 F.2d 774, 775 (7th Cir.1927). It follows that the defendant must be deemed chargeable with an intentional infringement.

As a result of the labels and descriptive matters used by Wag-Aero, it is likely that an ordinarily prudent purchaser would reasonably believe that he is buying a product manufactured by Piper Aircraft. *See First Wisconsin National Bank v. Wichman,* 85 Wis.2d 54, 270 N.W.2d 168 (1978).

■ One of the principal defenses relied upon by Wag-Aero is its claim that Piper knew of Wag-Aero's advertising and must be held either (1) to have abandoned its right to complain about it or (2) to be guilty of laches. There was extensive correspon-

dence between the parties which demonstrates that although Piper knew of the general nature of Wag-Aero's business, at no time did Piper acquiesce in any infringement. It is also irresistably clear from that correspondence that Piper cannot be charged with having abandoned its trademarks. See, for example, letters from Piper to Wag-Aero dated September 27, 1976 (plaintiff's exhibit 130F), and January 27, 1977 (plaintiff's exhibit 130L). I find that there were no prolonged delays on the part of Piper and that Wag-Aero's defense of laches is unavailing. *Tisch Hotels, Inc. v. Americana Inn, Inc.,* 350 F.2d 609 (7th Cir. 1965).

Another major argument advanced by Wag-Aero is that the plaintiff's trademarks have become generic. I reject this contention since the evidence persuades me that the word "CUB" and the words "SUPER CUB" are understood by the general public to refer to the products of a particular manufacturer, namely the plaintiff Piper. I find nothing in the record to support a contention that the quoted words are understood to mean all small aircraft. *Cf. King-Seeley Thermos Co. v. Aladdin Industries, Inc.,* 321 F.2d 577, 579 (2d Cir.1963).

Although there are several other arguments and defenses advanced by the defendant, I find it unnecessary to address them. The plaintiff urges that it is entitled to attorney's fees, but I do not regard this as an "exceptional case" within the terms of 15 U.S.C. § 1117.

Accordingly, the court finds in favor of the plaintiff and invites it to submit a proposed order for judgment consistent with the foregoing decision. Counsel for Piper is directed to submit such proposed order to defendant's counsel in advance of submitting it to the court for signature. The order may also provide for dismissal of the defendant's counterclaims.