LEONARD *et al. v.* WHITE'S GOLDEN LUBRICATOR CO.

*(Circuit Court, S. D. Ohio.   May 4, 1889.)*

TRADE-MARKS—WHAT CONSTITUTES.

The word "Valvoline," compounded and used on packages of lubricating oils by plaintiffs, and registered as a trade-mark, may be used for that purpose, and the use thereof by defendant in the same manner will be enjoined, though defendant uses his own name in connection with the word.

In Equity.   On motion for temporary injunction.

*Kittredge & Wilby,* for complainants.

*Jordan & Jordan,* for respondent.

SAGE, J., *(orally.)*   This is a motion for a temporary injunction to restrain defendant from the infringement of complainants' trade-mark, "Valvoline."   The complainants set forth in their bill that they are, and have been for many years, engaged in the manufacture of lubricating oils; that since about the year 1873 they have used as a trade-mark for their lubricating oils the word "Valvoline," a fanciful word invented by themselves, and applied to their packages as a trade-mark, and that in the month of May, 1881, it was registered under the statutes of the United States.   According to the registry certificate, the trade-mark consists of the word "Valvoline," as shown in the *fac simile* attached to the certificate.   Extending through the center of it is a half-moon, or crescent, containing dots or stars; but these, it is said, may be omitted, and some other device substituted, or they may be omitted altogether, without material change.   That the defendants have been using this word as a designation or mark for their lubricating oils is not denied.   They do not use the crescent, or half-moon, either with or without the dots or stars; but they use the word "Valvoline" in connection with their own name.   That is to say, their oil is sold as "White's Golden Lubricator Valvoline No. 1 or 2," and other numbers, and is so labeled.   The defense is that "Valvoline" is a descriptive word; that it is really a compound made up of the words "valve" and "oleine;" that its literal signification is "valve oil;" and that the law of trade-marks does not permit a descriptive word, or rather a word descriptive of the article, to be appropriated as a trade-mark,—which is undoubtedly the law, so settled that it requires no verification.   It would be out of all reason to say that a man should not be at liberty to sell a gun as a gun because some other person had chosen to appropriate that name as a trade-mark for the guns he wanted to sell.   And hence no person has any right to appropriate as a trade-mark a word of the language which is descriptive of the article to which the trade-mark is applied.   But that is quite different from the proposition presented in this case.   Here there was no such word as "Valvoline."   The article sold was known in the language and to the trade as lubricating oil.   That was the appellation descriptive of that kind or grade of oil, and it could not be appropriated as a trade-mark.   But these complainants compounded the word "Valvoline," and at the

same time made it their trade-mark. Now, if they had originated that word, and applied it descriptively to their lubricating oils, without appropriating it as a trade-mark, they would thereby have abandoned it to the public, and made it public property; and that, once done, would put an end to their right to it as a trade-mark.

The defendant cites *In re Leonard & Ellis' Trade-Mark,* L. R. 26 Ch. Div. 288, (decided in 1884,) but the decision was upon grounds not applicable here. It appeared from the evidence that, although the word had been registered as a trade-mark in the United States, prior to its use in England, the complainants had in England, before applying for registration, used it as descriptive of their lubricating oils, which any one had the right to manufacture, and not as a trade-mark. And the court held that by this descriptive use prior to the time when they had the word registered the complainants lost their right to the exclusive use. The court also questioned whether a word used alone as a trade-mark in a foreign country before the passing of the trade-marks act of 1875 could be registered under that act if it had not been so used in England. SEL-BORNE, L. C., said that he was not disposed to doubt that if the word had been used in the United Kingdom as a trade-mark before the passing of the act, it might have been registered under the act; but he confirmed the finding of the court below that it had been used descriptively, and not as a trade-mark; and that it had been thereby dedicated to the public of the United Kingdom. The defendant in this case has substituted its own name for that of the complainants, in connection with the word "Valvoline," so that there is no pretense that the defendant is selling lubricating oils as the oils of the complainant, because it is clearly stated in their labels to be "White's Valvoline Oil;" but that does not relieve the defendant. The authorities upon this point are numerous, but it is not necessary to refer to any other than the case of *Menendez* v. *Holt,* 128 U. S. 514, 9 Sup. Ct. Rep. 143, which is the latest decision of the United States supreme court upon this subject.

The motion for a temporary injunction, to continue until the final hearing and decree, will be granted upon the complainants executing a bond with sureties in the sum of $2,000.