NEW YORK MACKINTOSH CO. v. FLAM et al.

(District Court, S. D. New York. July 18, 1912.)

1. TRADE-MARKS AND TRADE-NAMES (§§ 3, 59\*)—VALIDITY AND INFRINGE-MENT.

The word "Bestyette" is sufficiently distinctive to constitute a valid trade-mark for waterproof capes and cloaks, but is not infringed by the use of the word "Veribest" by a defendant on similar garments.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. §§ 4–7, 68–72; Dec. Dig. §§ 3, 59.\*]

2. TRADE-MARKS AND TRADE-NAMES (§ 57\*)—INFRINGEMENT.

The copying by defendants on their business cards and stationery of a picture used by complainant as a trade-mark on its goods does not constitute an infringement.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 65; Dec. Dig. § 57.\*]

In Equity. Suit by the New York Mackintosh Company against Isaac Flam and others. On final hearing. Decree for defendants.

Joseph L. Levy, for complainant.
Bernard Cowen, for defendants.

HOLT, District Judge. This suit is brought to restrain the alleged infringement of two trade-marks. The complainant is a manufacturer of ladies' and girls' waterproof cloaks and capes. In 1907 the complainant registered in the Patent Office, as a trade-mark to be used on clothing, the word "Bestyette," and in 1910 it registered as another trade-mark a picture of a girl wearing a rain cape. The proof shows that the complainant since 1904 has used the mark "Bestyette" by attaching to a certain class of rain capes a woven or printed label on which the word is shown, and since 1908 has used the pictorial mark by printing it on the boxes containing the goods and by tagging to the goods a printed label bearing such picture. The defendants are engaged in the same business as the complainant, in the manufacture of rain coats and capes. They make similar goods, and have attached to their capes the word "Veribest" as a trade-mark, and have had printed and used, upon certain business cards, billheads, and order forms, copies of the complainant's pictorial trade-mark.

The bill, in addition to allegations of the infringement of the trade-marks, contains allegations of unfair competition in trade. But, as all the parties to this suit are citizens of New York, this court has no jurisdiction of a suit between them on the ground of unfair competition, and the complainant's counsel did not, on the hearing or in the brief submitted, claim to recover on that ground. It should therefore be clearly apprehended, at the outset, that the sole question in this case is whether the complainant's trade-marks have been infringed.

[1] The defendants claim, in the first place, that the complainant's trade-mark, "Bestyette," is invalid, because the word is simply descriptive of the character or quality of the goods. Undoubtedly, if

the complainant had attached to its goods the sentence, "These rain capes are the best yet made," or some contracted form of such sentence, as, for instance, "Best Rain Capes Yet Made," or "Best Yet Made," or "Best Yet," the statement would be simply descriptive, and the usual commendation of a vendor, and could not be a valid trademark. "Bestyette," when spoken, sounds the same as "Best Yet," and undoubtedly the claim that it is merely a descriptive word has much weight. But, in trade-marks, the impression produced on the sight of the buyer is the main thing; and, upon the whole, I think that the compounded and fantastically spelled word "Bestyette" is sufficiently distinctive to be a trade-mark. Moreover, the evidence shows that it was used exclusively by the complainant more than 10 years before registration, and therefore the provisions of section 5 of the Trade-Mark Act of 1905 (Act Feb. 20, 1905, c. 592, 33 Stat. 724 [U. S. Comp. St. Supp. 1911, p. 1459]) apply, that, in such a case, the fact that the term was originally descriptive does not prevent registration.

The defendants also claim that, assuming that the word "Bestyette" can be a valid trade-mark, their use of the word "Veribest" for their trade-mark does not infringe it. I think it clear that no dealer can be prevented from asserting, by an advertisement printed on the goods, or in any other manner, that his goods are the best, or the best yet, or the very best. If the word "best" is included in a queer compound word oddly spelled, used as a trade-mark, that does not prevent other dealers from using the same word in the same way, so long as the word first created is not imitated too closely.

The question, therefore, comes back to the usual one in trade-mark cases: Does the defendants' trade-mark imitate the complainant's so closely as to deceive the public into supposing that they are purchasing the complainant's goods when purchasing the defendants'? In all this class of cases, undoubtedly, regard must be had to the fact that many of the public are hasty, heedless, and easily deceived. But, after all, the question in all such cases is: Would the public actually be deceived? Each case must be determined on its own facts; but, in this case, I cannot believe that any one, seeing the label "Veribest" on a cape, would believe it to be the "Bestyette" cape because of such label. The similarity of the capes in shape, style, and color might lead to such belief; but the trade-mark alone, it seems to me, would not.

The case brought by the complainant in this court against Wangrow, in which it was held that the word "Bestever" infringed "Bestyette," differs essentially, in my opinion, from this case. The words "Bestyette" and "Bestever" begin alike, and look much alike, and I entirely concur in the decision of that case; but the decision reached in that case does not seem to me to require a similar decision in this case. The just rights of the owners of trade-marks should be upheld; but, in deciding such cases, the importance of maintaining the general freedom of trade should not be overlooked.

[2] The defendants claim, also, that the complainant's pictorial trade-mark is invalid. They assert that it is merely a picture of the article sold. Undoubtedly a mere picture of an article of merchandise cannot be made a trade-mark to be attached to such article. Such a

trade-mark is prohibited from registration by section 5 of the Trade-mark Act as a "device descriptive of the goods." Nor, in my opinion, can a garment maker, by adopting, as a trade-mark, a picture of a person wearing a garment, prevent other dealers from adopting a similar trade-mark, provided it is not so close an imitation as to naturally lead to confusion. It is the common practice of dealers in clothing to advertise their goods by pictures of persons wearing them, and no one, under the guise of adopting a trade-mark, can obtain the exclusive right to such pictures. But, while the question here is again a close one, I think that the complainant's picture is sufficiently distinctive to be a valid trade-mark. The defendants' picture on their cards, letter heads, and orders is an exact copy of it. They could have adopted a picture of a girl wearing a rain cape, without copying the complainant's picture. But their picture is such a complete reproduction of the complainant's trade-mark that it would clearly have infringed it, if it had been attached to the defendants' capes, or to the boxes in which they were shipped.

But the difficulty with this branch of the case is that there appears to be no proof that it was so attached. On the hearing, after inspecting the pictures on the defendants' business papers, and perceiving that they were literal copies of the complainant's trade-mark, and assuming that the defendants tagged the same picture to their goods and boxes, I was of opinion that the trade-mark was infringed. But on a careful examination of the record I find no proof that the defendants ever used the picture as a trade-mark. A trade-mark is something attached to the goods, or the receptacles containing them, which the buyer sees, and by which the goods become known to the buyer. It seems strange that the defendants should have copied this trade-mark on their business papers, and should have abstained from attaching it to their goods; but such a use of it on their business papers, while affording strong proof of unfair competition in trade, is, in my opinion, no proof of infringement of the trade-mark.

There is obviously much in this case to suggest an intentional and close imitation of the complainant's goods and business methods by the defendants. The complainant put on the market a rain cape distinctive and attractive in style and color. The defendants exactly imitate it. But there is no law which prevents any one from making clothes like another. If a tailor, or dressmaker, or garment maker of any kind, creates a novel and attractive garment, any rival can copy it. The devising of the word "Veribest" as a trade-mark was probably suggested by the complainant's trade-mark, "Bestyette"; and I have no doubt that the defendants directly copied the complainant's pictorial trade-mark in the picture on their business papers.

The question of unfair competition is not before me. If the complainant thinks it exists, it has a remedy by suit in the state courts. The sole question here is whether the defendants have infringed the complainant's trade-mark. I cannot see that they have.

A decree is directed for the defendants, but, under all the circumstances of the case, without costs.