## CITRUS SOAP CO. OF CALIFORNIA v ROYAL LEMON PRODUCTS CO. et al.

(Circuit Court of Appeals, Eighth Circuit. December 10, 1924.)

No. 6640.

**Trade-marks and trade-names and unfair competition ⬅70(1)—Trade-marks for washing powder held not infringed.**

The fact that a lemon product is a constituent element of a washing powder does not give the maker the right to prevent another manufacturer, who also uses a lemon product, from stressing that fact to the public by the marks on his packages; but all he can ask is that the particular device used by him to designate his goods shall not be so closely simulated as to cause confusion in the minds of ordinary purchasers.

Appeal from the District Court of the United States for the District of Minnesota; John F. McGee, Judge.

Suit in equity by the Citrus Soap Company of California against the Royal Lemon Products Company and others. From an order denying preliminary injunction, complainant appeals. Affirmed.

H. J. Bischoff, of San Diego, Cal. (Louis S. Headley, of St. Paul, Minn., on the brief), for appellant.

A. C. Paul, of Minneapolis, Minn. (Richard Paul and Maurice M. Moore, both of Minneapolis, Minn., on the brief), for appellees.

Before STONE and KENYON, Circuit Judges, and FARIS, District Judge.

STONE, Circuit Judge. From denial of injunction to prevent claimed infringement of trade-marks, this appeal is brought.

The trade-marks relate to washing powders in which one of the elements is a product from the lemon. The trade-marks are "a lemon supported on a twig and accompanied by leaves, and having the word 'citrus' printed on the lemon" and a "representation of a lemon." The mark on appellees' goods is a combination of the letters R and L within blue circles on a yellow background supported by clusters of lemons and leaves, below which in white letters on a blue ground, are the words "Royal Lemon." On the top and bottom of the cartons of appellees is the RL device with clusters of lemons.

The infringement claimed is in the use of the word "lemon" or the likeness of a lemon. The prominent colorings, the appearance and the use of the word "lemon" with the pictures of lemons are essentially different in the two packages. In very small type on each package is the information that one of the constituents of the powder is from the lemon. No one familiar with the appearance of one of the packages would ever mistake the other for it. The only possibility of confusion in the public mind concerning the two packages of powder would be through the thought of lemon. Obviously the fact that a lemon product is a constituent element in a washing powder cannot be taken advantage of and monopolized to the extent that no other maker of such powders, who, also, uses lemon product, can be prevented from stressing that fact to the public. If the only or main practical effect of the trade-mark of the appellant has been to identify his product with the thought of a lemon, then his exclusive trade-mark monopoly is narrower than that effect. He cannot prevent others who do use a lemon product from so stating and so stressing. All he can ask is that the particular device used by him to designate his goods shall not be so closely simulated as to cause confusion in the mind of the ordinary purchaser of such products.

The decree should be and is affirmed.