## GENERAL BAKING CO. v. WARD BAKING CO.

(Court of Appeals of District of Columbia. Submitted January 15, 1925. Decided March 2, 1925.)

No. 1715.

1. **Trade-marks and trade-names and unfair competition ⬅═3(1)—Adoption of suggestive trade-mark leaves field open for others adopting suggestive marks not deceptively similar.**

If trade-mark adopted is merely suggestive, field remains open for adoption and use by others of suggestive marks that are not deceptively similar.

2. **Trade-marks and trade-names and unfair competition ⬅═3(1)—Registration of word "Warranty" as trade-mark for bread held not to preclude another's use of word "Bond."**

Adoption and registration of word "Warranty" as trade-mark for bread *held* not to preclude another's use of words "Bond" as trade-mark for same class of goods.

Appeal from Commissioner of Patents.

Application by the Ward Baking Company for registration of trade-mark, opposed by the General Baking Company. From a decree dismissing the opposition, opposer appeals. Affirmed.

F. P. Warfield and E. W. Leavenworth, both of New York City, for appellant.

W. B. Morton, of New York City, for appellee.

Before MARTIN, Chief Justice, ROBB, Associate Justice, and BARBER, Judge of the United States Court of Customs Appeals.

ROBB, Associate Justice. Appeal from concurrent decisions of the Patent Office tribunals dismissing appellant's opposition to the registration by appellee of the word "Warranty" as a trade-mark for bread; the ground of the opposition being appellant's use of the word "Bond" as a trade-mark on the same class of goods.

[1, 2] If "Bond," as used by appellant, were more than suggestive, it would be descriptive, and hence not subject to appropriation as a trade-mark. Being merely suggestive, however, it necessarily follows, as we have said many times, that the field is open to others to adopt and use suggestive marks that are not deceptively similar. An inspection of the two marks here involved clearly discloses that appellee has met this test.

The decisions of the Patent Office contain a full and satisfactory discussion of the question involved, and we therefore affirm the decision appealed from, without more.

Affirmed.