## ESKIMO PIE CORPORATION v. HONEY-MOON PIE CORPORATION et al.

District Court, E. D. New York.    March 21, 1928.

No. 2178.

1. **Patents** ☞36(2), 45—Commercial success does not prove invention, but is to be considered, where question of novelty is in doubt.

Commercial success does not prove invention, but is to be considered, where a question of novelty is in doubt.

2. **Patents** ☞328—1,404,539, for ice cream confection, held invalid for lack of invention.

Nelson patent, No. 1,404,539, for a confection primarily a rectangular core of ice cream sealed in a sustaining form-retaining casing of chocolate or other edible casing, *held*, invalid for lack of invention.

3. **Trade-marks and trade-names and unfair competition** ☞59(5)—Trade-marks "Eskimo Pie" and "Pie," for ice cream confections, held not infringed by word "Honeymoon Pie."

Trade-marks "Eskimo Pie" and "Pie," for use on ice cream confection, *held*, not infringed by use of mark "Honeymoon Pie."

4. **Trade-marks and trade-names and unfair competition** ☞93(3)—That witness, when he asked dealer for plaintiff's confection by name, was given defendant's product, held not to establish unfair competition.

Evidence that witness, when he asked retail dealer for "Eskimo Pie," an ice cream confection manufactured by plaintiff, was without comment given defendant's "Honeymoon · Pie," a similar confection, *held*, not to establish charge of unfair competition.

5. **Patents** ☞327(18)—*District Court is not bound by opinion of judge of District Court for another district.*

District Court, in determining validity of patent, is not bound by opinion of judge for another district, but will accord such opinion respectful consideration.

In Equity. Suit by the Eskimo Pie Corporation against the Honeymoon Pie Corporation and others. Decree for defendants.

Everett & Rook, of New York City (Henry B. Floyd, of Chicago, Ill., Harry B. Rook, of New York City, and Harry C. Alberts, of Chicago, Ill., of counsel), for plaintiff.

August G. Klages, of Long Island City, N. Y. (Warren B. Hutchinson, John C. Kerr, and Hoguet & Neary, all of New York City, of counsel), for defendants.

CAMPBELL, District Judge. This is a suit in equity for the alleged infringement of patent No. 1,404,539, issued by the United States Patent Office to Christian K. Nelson, assignor of one-half to Russel Stover, for confection, dated January 24, 1922, and for the alleged infringement of plaintiff's registered trade-marks, "Eskimo Pie," numbered 155,844, and "Pie," numbered 162,585, and also for unfair competition.

This suit, in so far as the patent is concerned, is based on the first six claims thereof, which read as follows:

"1. A confection comprising a core of normally liquid material frozen to a substantially solid state and sealed within an edible, sustaining, and form-retaining casing adapted to maintain the confection in its original form during handling.

"2. A confection comprising a core of normally liquid material frozen to a substantially solid state and sealed within a sustaining and form-maintaining casing of hardened chocolate adapted to maintain the confection in its original form during handling.

"3. A confection comprising a core of normally liquid material frozen to a substantially solid state and sealed within an edible, sustaining, and form-retaining casing of barlike contour adapted to maintain the confection in its original form during handling.

"4. A confection comprising a core of a confection ice frozen to a substantially solid state and sealed within an edible, sustaining, and form-retaining casing of barlike contour adapted to maintain the confection in its original form during handling.

"5. A confection comprising a core of ice cream frozen to a substantially solid state and sealed within a casing of hardened chocolate of such thickness and consistency as to maintain the confection in its original form during handling.

"6. A confection comprising a core of normally liquid material frozen to a substantially solid state, and a hardened edible coating completely inclosing the core, the whole forming a substantially rectangular solid adapted to maintain its original form during handling."

The patent in suit was issued for a confection, primarily a rectangular core of ice cream, sealed in a sustaining, form-retaining casing of chocolate, which has been sold as Eskimo Pie, but the patent is not limited to chocolate coated ice cream.

On page 1, lines 47 to 52, inclusive, of the patent, the patentee said:

"The article comprises, in its simplest form, a block or brick or frozen confection encased or contained within an edible container or shell. The core or center may be an ice cream, sherbet, sorbet, ice, or other material congealed by refrigeration."

And at page 1, lines 61 to 66, inclusive, of the patent, the patentee also said:

"This core A is contained and sealed within a shell, wall or coating B, of edible material which may be like that employed in coating chocolate candies, although preferably modified to harden at a lower temperature."

Ice cream has been sold in various forms for a long period of time, and various candies, including chocolate creams, unfrozen, have been on the market since a time long prior to the patent in suit and to the filing of the application therefor on December 23, 1921. The patentee says he knew that chocolate creams had, prior to the patent in suit, been made in the shape of the Eskimo Pie.

In 1907, 14 years before the patent in suit was applied for, a booklet by Val Miller, entitled "Thirty-Six Years an Ice Cream Maker," was published, to which the public had easy access, and which booklet contained the following recipe:

"Mold some round balls extra hard as for individuals, then melt some sweet chocolate, thin it down with cocoa butter, let it cool until the most of the heat is off; now have two wire forks, drop a frozen ice cream ball into the chocolate, turn it upside down quick, and with your two forks, set it out on your tray, and then immediately in your iced cabinet or iced-up can."

This is a complete disclosure of the exact thing disclosed in the patent in suit, except as to shape. The change in shape brought about no change in function, and I can find no invention in merely changing the shape. The change in shape was merely the carrying forward of the idea of Miller.

Much stress was laid by the plaintiff on reports that Eskimo Pie could be more easily held in the fingers and eaten than a ball. Some of the plaintiff's witnesses went so far as to say the cannon balls could only be eaten with a spoon, but I am convinced by the evidence that they were in error. The pat-

entee said that it was impracticable to make the cannon balls as described in the said recipe, but in this I am satisfied he was in error, as the testimony shows that millions of chocolate coated ice cream balls have been made and sold, in competition with Eskimo Pie.

The plaintiff makes a point of the fact that the chocolate coating of Eskimo Pie is self-sustaining. This, however, is not peculiar to Eskimo Pie, because any edible chocolate, when used as a casing, is hard, in ordinary cakes of sweet chocolate, chocolate creams of all shapes, the Tobien structure hereinafter referred to, and Miller's cannon balls.

With Miller's recipe in evidence, it clearly appears that all that the patentee did was to change the shape of Miller's cannon balls to that of the convential chocolate cream bar. This does not seem to me to represent invention.

The Tobien German patent, No. 247,709, dated November 16, 1913, discloses a process, and the claim reads as follows:

"A process for producing small, hollow bodies, made of chocolate, cocoa, sugar, gelatine, albumen, or similar materials with fluid or pulpy contents, by first placing the liquid or pulpy contents in a container and freezing same, and after same is frozen into a solid body to coat this body in the usual way with chocolate, cocoa, sugar, gelatine, albumen, or similar materials, which are designed to remain as a covering for the contents, which may again assume their liquid form."

The structure disclosed in the Tobien patent is like the product described in the patent in suit, except as to form, and the method of making the product disclosed in the Tobien patent is the same as that of the patent in suit.

[1, 2] The plaintiff appears to place great reliance on the commercial success of the patent in suit. The success of Eskimo Pie has been marked, but much of it is due to the name, which is peculiarly attractive. Commercial success does not prove invention, but is to be considered, where the question of novelty is in doubt (Potts & Co. v. Creager, 155 U. S. 597, 609, 15 S. Ct. 194, 39 L. Ed. 275), and in this case I am not in doubt; on the contrary, I cannot, in the face of Val Miller's recipe and the Tobien German patent, find any invention in the patent in suit.

Before the bankruptcy, the original defendant described the product as "Honeymoon Pie," and since the bankruptcy it has been described as "Honeymoon Bar," and one of the defendants is known as "Honeymoon Pie Company."

[3] The word "Pie" is of general use, describing various kinds of desserts, and I do not believe that a trade-mark in the word "Pie," standing alone, as applied to candy-coated ice cream, could be legally acquired. But it is not necessary to decide that question, as it seems clear to me that by the use of the word "Pie," in connection with the word "Honeymoon," no one would be deceived into believing that it was the same as "Eskimo Pie." At most the word "Pie" is a mutilated trade-mark, as the plaintiff's produce is known by the trade-name "Eskimo Pie," and defendants' was known as "Honeymoon Pie," and is now known as "Honeymoon Bar," and neither of those names infringed the plaintiff's trade-marks, "Eskimo Pie" or "Pie."

In addition to this, although the shapes are substantially the same in the plaintiff and defendants' products, the printing on the wrapper is radically different, both in substance and color. There is no similarity of sound or suggestion in the words "Honeymoon Pie" and "Eskimo Pie," and there is no evidence that any one was, nor do I believe that any one would be, deceived into buying "Honeymoon Pie" for "Eskimo Pie."

[4] That the witness Buckley called upon a Mr. Goldberg, of 706 Third avenue, Brooklyn, New York, on May 21, 1926, and asked for "Eskimo Pie," and without comment was given "Honeymoon Pie," certainly does not establish the charge of unfair competition, and this is all the evidence which was produced to prove unfair competition.

The plaintiff has cited, as supporting its contentions as to the validity of the patent in suit, Milwaukee Printing Co. v. Stover (C. C. A.) 290 F. 387; but it seems to me that there is not much force to that contention, because that was an appeal from an order granting a preliminary injunction, and the case turned almost entirely upon the question of unfair competition.

The very questions presented in the case at bar, and upon substantially the same record, were presented before the United States District Court for the District of New Jersey, in Eskimo Pie Corporation v. John Levous & Purity Ice Cream Co., 24 F.(2d) 599, and Judge Bodine found in favor of the defendants, holding the patent invalid.

[5] This court is not bound by the opinion of Judge Bodine in that action, but it is entitled to respectful consideration, and, as I

am in accord with the reasoning of that opinion, I will follow it. The plaintiff's patent in suit is invalid, the trade-marks in suit have not been infringed, and the defendants have not been guilty of unfair competition.

A decree may be entered in favor of the defendants, dismissing the plaintiff's bill of complaint, with costs.