GRAF BROS., Inc., v. MARKS et al.

District Court, E. D. New York.
Jan. 2, 1929.

David Steckler, of New York City, for plaintiff.

Munn, Anderson & Munn, of New York City (Albert J. Clark, of New York City, of counsel), for defendants.

CAMPBELL, D. J.

Plaintiff sues to restrain an alleged infringement of a registered trade-mark and for damages, and defendant counterclaims for alleged unfair competition.

In December, 1914, Oscar L. Graf, who had been manufacturing manicure preparations including nail polish in cake and powder form under the mark of HYGLO, applied for registration, which was granted March 16, 1925. The goods to which the mark was appropriated included nail polish.

The mark is shown in the application in straight block type.

Manicure preparations were manufactured and sold by the father of Joseph L. Graf, who was a licensee.

In December, 1919, plaintiff was incorporated, and by mesne assignments the mark was transferred to plaintiff, which is now the owner thereof.

In January, 1919, plaintiff applied to extend the mark to other products and a further registration was granted on October 21, 1919.

The mark in this registration is shown in a slanting block type.

In 1920 plaintiff began the manufacture of liquid nail polish.

In the early part of 1927 plaintiff changed the form of its mark from the slanting block type to a script form and began the use of a silent salesman of the same color as the container.

Plaintiff in the beginning used an octagonal shaped bottle, quarter ounce size, with a blue label on white, packed in a small paper box or container of the same color as the label.

In the early part of 1927 plaintiff began to use a common form of bottle, the same as that used by defendants, and changed the color of the label and container to green and has continued their use.

About March, 1922, the defendants became copartners and adopted the word GLO-RAY which it applied as a trade-mark to its nail polish and nail polish remover, and also used as a part of its trade-name.

On November 30, 1925, defendants filed an application for registration of their said mark, which was granted on April 13, 1926. The mark in this registration is shown in script type.

Defendants created a display carton in connection with the sale of their nail polish and nail polish remover.

The word HYGLO, which forms the plaintiff's trade-mark, is suggestive but not descriptive.

No person has a right to appropriate to himself exclusively any word or expression which is properly descriptive of the article, its qualities, ingredients, and characteristics, but a distinction is made between words which are descriptive and those which are merely suggestive. Le Blume Import Co. v. Coty (C. C. A.) 293 F. 344, at page 351; O'Rourke v. Central City Soap Co. (C. C.) 26 F. 576, at page 578; Chapin-Sacks Mfg. Co. v. Hendler Creamery Co. (D. C.) 231 F. 550, at page 551; Keasbey et al. v. Works et al., 142 N. Y. 467, 37 N. E. 476, 40 Am. St. Rep. 623; Leonard v. White's Golden Lubricator Co. (C. C.) 38 F. 922; Automatic Recording Safe Co. v. Bankers' Reg. Safe Co. (D. C.) 224 F. 506; New York Mackintosh Co. v. Flam (D. C.) 198 F. 571.

Plaintiff's registered trade-mark is valid.

The defendants' trade-mark GLO-RAY is not descriptive, and to use it is not even suggestive.

To find infringement, the test is liability to confusion by one not having a definite or clear recollection of the real mark, Northam Warren Corporation v. Universal Cosmetic Co. (C. C. A.) 18 F.(2d) 774, or as it is otherwise expressed, "The test is not visual comparison, but is memory comparison." The Best Foods v. Hemphill Packing Co. (D. C.) 5 F.(2d) 355, 357.

In my opinion no such confusion would result.

It certainly would not with me, and I do not believe it would with the average person, and no evidence that was offered would create any doubt in my mind as to the correctness of my belief.

The only similarity which plaintiff points out is that GLO is found in both marks.

The plaintiff has the right to the word HYGLO in its entirety, but it has no exclusive right to the component parts thereof when used in an entirely different combination. Beckwith v. Com'r of Patents, 252 U. S. 538, 40 S. Ct. 414, 64 L. Ed. 705; Loughran v. Quaker City Chocolate & Confectionery Co. (C. C. A.) 296 F. 822; S. R. Feil Co. v. John E. Robbins Co. (C. C. A.) 220 F. 650.

The word HYGLO has the meaning of the words high glow.

The word GLO-RAY is arbitrary and has no meaning.

The word or portion of a word GLO is found in many trade-marks and plaintiff has no exclusive right therein.

The defendants do not infringe.

While there is much greater similarity in the appearance of the articles manufactured and sold by the respective parties since plaintiff in the early part of 1927 changed the form of its mark to script used by defendants, and the form of its bottle to that used by defendants than existed before that time, still the differences are such that the names are so different that I cannot find that the similarity is sufficient to create a false impression in the public mind or to mislead and deceive the ordinary purchaser in the exercise of ordinary care and caution; therefore the defendants are not entitled to redress.

The differences in the display carton or silent salesman of the parties are real, and the defendants were not the first persons to practice the idea.

That purchasers have not been misled is shown by the very witnesses called by the defendants.

The counterclaim for unfair competition has not been sustained.

A decree may be entered dismissing the complaint and also dismissing the counterclaim, and as both sides have lost, no costs will be allowed.