## SIERRA CHEMICAL CO. v. BERETTINI et al.

Circuit Court of Appeals, Seventh Circuit.
June 20, 1929.

No. 4096.

Allen M. Reed, of Chicago, Ill., for appellant.

Henry W. Freeman, of Chicago, Ill., for appellees.

Before ALSCHULER and PAGE, Circuit Judges, and LUSE, District Judge.

LUSE, District Judge. Appellant seeks reversal of a decree dismissing its bill for injunction against infringement by appellees of its trade-marks, and for unfair competition. The bill was dismissed below for want of equity.

The sole question here is whether appellees have infringed appellant's trade-marks applied to carton containers of a compound used for softening water.

On May 21, 1914, appellant applied for, and on September 26, 1916, obtained, registry of the mark "Rain Water Crystals," and on March 17, 1919, it applied for, and on August 26, 1919, obtained, registry of mark No. 126482, depicting a water barrel, a water spout with water gushing from it into the barrel, with outlines of the siding of a building suggesting the location of the barrel as at a corner thereof. On the same date, to wit, March 17, 1919, appellant applied for registry of its third mark, No. 127506 (which it did not obtain until November 11, 1919), consisting of a picture "illustrating a child sitting under an umbrella with the rain pouring over it and down a spout overflowing a barrel."

Appellant has expended in the neighborhood of one-half million dollars in advertising its product.

In 1927 appellees began to market a water-softening compound in Streator, Ill., where their business is located, and in nearby communities, which product they called "Raindrops." The face of appellees' cartons containing their product carries an illustration of a rural landscape and rain falling, and in the right foreground appears a section of a cottage with a waterspout at its corner gushing water into a barrel beneath it. Appellant has marketed its product in one- and two-pound paper containers, red, black, and white in color, carrying on their face the name "Rain Water Crystals" in large type near the top, with the illustration of the child under the umbrella, sitting in the rain near the overflowing barrel, described above, and on the back of the cartons, in the upper center in red, an illustration of the barrel at the corner of the building with the water gushing from the downspout into it. Appellees' containers were one-half and one and one-half pound in size, blue and white in color; the face being mainly covered by the picture of the rural scene, the rain, and the section of the cottage with its downspout and barrel, as above described, with the word "Raindrops" printed in large letters across the sky line of the picture. The cartons of each party indicate the name and location of the manufacturer, and bear miscellaneous printing recommending uses for the contents, and directions for such use; and, in addition, appellant's bear the assertion, "Softens the hardest water," while appellees' bear, "Softens hard water."

From the foregoing it is apparent that appellant's trade-marks are not of that class known as arbitrary and wholly fanciful: They are rather of the kind known as suggestive. While not suggestive of the ingredients of its product, they are suggestive of its characteristics or properties. While all soft water is not rain water, all rain water is soft, and we think of rain water and soft water as quite the same thing, and we venture that even in this modern day the old fashioned rain water barrel under the downspout is closely associated by most, if not all, persons with soft water. No serious attack is made upon the validity of appellant's trade-marks. They fall quite clearly in that class of suggestive marks dealt with by this court in Enoch

Morgan's Sons Co. v. Ward, 152 F. 690 (7 C. C. A.) 12 L. R. A. (N. S.) 729, and particularly the mark consisting of a drawing "of a human face observing itself reflected in a pan," as applied to a cake of scouring material called "Sapolio." In that case the validity of the mark, as suggestive of the claimed characteristic of Sapolio that it would make things bright enough to be used as mirrors, was upheld.

A trade-mark may then be suggestive of a characteristic of the product and yet be valid, but in such case the field is open to other traders to employ equally suggestive marks, provided only they be not deceptively similar. Ostermoor & Co. v. Rose Spring & Mattress Co., 55 App. D. C. 307, 5 F.(2d) 268;. Citrus Soap Co. v. Royal Lemon Products Co., 2 F.(2d) 972 (8 C. C. A.); General Baking Co. v. Ward Baking Co., 55 App. D. C. 228, 4 F.(2d) 304.

It is not claimed that appellees infringed appellant's package. The color schemes and general appearance of the packages differ materially. The contention is that appellees' mark is deceptively similar to the registered marks of appellant. The Sapolio Case, supra, is authority in this court to sustain the proposition that mere differences in the package or dress will not prevent infringement of a registered mark, if it is in fact colorably imitated. The same case is authority for the proposition that, while appellant may not exclusively appropriate to itself the idea that its product will make hard water soft like rain water, there is nothing to prevent suggestion of that characteristic of its product by the name "Rain Water Crystals," or by the drawing of a child sitting in the rain under an umbrella beside an overflowing rain water barrel, nor by a drawing of a barrel standing underneath a gushing downspout attached to the corner of a building. However, the field is open to appellees to use equally suggestive marks so long as they are not deceptively similar, and that presents the narrow question here involved.

That "Raindrops" neither looks like, nor sounds like, "Rain Water Crystals," seems clear. The former name is a single word, while the latter consists of three. The only thing common to both is the word "Rain," and that may not be exclusively appropriated by either party. The most important distinction between appellees' mark and appellant's mark No. 127506 is the dropping out by appellees of the child sitting under the umbrella, and inserting in its stead the landscape. Appellees' rain barrel and gushing spout are prominent features of their mark, but share their prominence with the landscape and the falling rain. Appellant's overflowing water barrel and spout similarly share their prominence with the child under the umbrella. Nevertheless it is our impression that in both the falling rain with the downspout gushing water into the barrel is the dominant note. More clearly is it apparent that appellees' mark includes, as its dominant feature, the whole of trade-mark No. 126482 of appellant. It is true that appellees have added to appellant's bare representation of the rain barrel located beneath the gushing waterspout at the corner of a building considerably more detail, disclosing sufficient of the building to indicate that it is a cottage, together with the rural landscape, with representation of falling rain; nevertheless these are differences serving to prevent appellees' mark from being an exact copy of appellant's, but which will not prevent infringement. The ultimate question of deceptive similarity is of necessity one of impression from ocular examination of the pictorial marks while bearing in mind, as was said in Gehl v. Hebe Co., 276 F. 271 (7 C. C. A.), that "the interest of the average consumer in either of the brands is probably not such that he would charge his mind with the precise form and sound of the word," and as said in Northam Warren Corporation v. Universal Cosmetic Co. (7 C. C. A.) 18 F.(2d) 774, "But it is sufficient [to constitute infringement] if one adopts a trade-name or a trade-mark so like another in form, spelling, or sound that one, with a not very definite or clear recollection as to the real trade-mark, is likely to become confused or misled."

It is true that appellant has used its trade-mark No. 126482 upon the back of its packages, but we see no reason why appellees should be permitted to restrict appellant to that location for this trade-mark; nor does the argument that, because appellant has placed this trade-mark upon the back of its packages, it is no infringement for appellees to place a deceptively similar one on the front of their cartons, make strong appeal. Our conclusion is that appellees' mark infringes both trade-marks No. 126482 and 127506.

On the trial below the undisputed evidence showed that the defendant Louis Berettini had no interest in the business of the two other appellees, but was a mere employee, and, as to him, the decree is affirmed, but as to the two other appellees the decree is reversed, and the cause remanded for further proceedings in accordance with this opinion; appellant to recover its costs in this court.