## WINGET KICKERNICK CO. v. LA MODE GARMENT CO.

### No. 8485.

District Court, N. D. Illinois, E. D.

July 1, 1930.

Frank A. Whitely, of Minneapolis, Minn., and Alexander C. Mabee, of Chicago, Ill., for plaintiff.

Isaac H. Mayer and Benj. T. Roodhouse, both of Chicago, Ill., for defendant.

LINDLEY, District Judge.

Though some showing is made by defendant upon the proposition that plaintiff comes into court with unclean hands, I find myself unable to say definitely that the misuse of the word "patented" shown was not merely the result of a mistake upon the part of the employees of plaintiff and without knowledge and approval upon the part of its executive officers. Hence, I am unwilling to base my decision upon the affirmative of this proposition.

Plaintiff sues upon its trade-mark "Kickernick" registered September 12, 1922, and stated to have been continuously used in the business of the plaintiff since September 28, 1920. The complaint is that the defendant's trade-mark "Kickaway" infringes and that by the use of the same defendant has been guilty of unfair competition.

Plaintiff's trade-mark was adopted and used and is still used for bloomers, children's coveralls and sleeping garments, as well as various other articles of personal attire. Defendant's trade-mark is affixed to its manufactured products consisting of ladies' and children's wearing apparel, bloomers, step-ins, vests, gowns, pajamas, and similar articles of attire. Both plaintiff and defendant claim to have originated their respective trade-marks with the idea in mind of using a word indicating freedom of action in bloomers. Each of them by its process of manufacture makes the seat of the bloomer so large as to furnish the desired freedom.

Prior to the date of the use by the plaintiff of the word "Kickernick," there had been registered the following trade-marks on the dates shown for the respective articles named: "Kick-about," first used July 1, 1919, registered September 21, 1920, to indicate children's sleeping suits; "Kickin," first used March 11, 1922, registered September 12, 1922, to indicate women's skirt drawers and combinations; "Kiddies Kickers," first used May 8, 1917, registered July 22, 1919, to indicate children's underwear, pajamas, etc; "Knickerbocker," first used February 16, 1911, registered April 23, 1918, to indicate men's and boy's union suits, undershirts, and drawers; "E–Z Nik," first used November 1, 1917, registered April 8, 1919, to indicate bloomers, drawers, etc. Three of these, it will be observed, employed the same basic word as plaintiff's mark., viz., "kick."

Under the doctrine of Perfection Mfg. Co. v. B. Coleman Silver's Co., 10 T. M. R. 101, affirmed by the Court of Appeals of the Seventh Circuit in 270 F. 576; Benjamin Moore & Co. v. Anwell (C. C.) 172 F. 508, affirmed by the Court of Appeals for the Second Circuit in 178 F. 543; and Seubert v. Santaella & Co., 36 App. D. C. 447, plaintiff cannot claim monopoly of its present trade-mark unless it proves a clear distinction between the same and the prior use, for the exclusive right to the use of a name claimed as a trade-mark is founded essentially upon priority of appropriation. Columbia Mill Co. v. Alcorn, 150 U. S. 460, 14 S. Ct. 151, 37 L. Ed. 1144; O'Rourke v. Central City Soap Co. (C. C.) 26 F. 576.

Subsequent to registration of plaintiff's trade-mark, the following trade-marks were registered to cover the merchandise indicated: "Knickerknit," first used January 4, 1921, registered August 7, 1923, to indicate knitted underwear; "Knickerette," first used July 1, 1922, registered December 18, 1923, to indicate women's and children's knickerbockers; "Hiker-nicker," first used November 11, 1921, registered July 24, 1923, to indicate women's outer clothing; "Nickertex," first used July 1, 1921, registered September 11, 1923, to indicate women's knickerbockers, etc; "Knickershirt," first used November 11, 1922, registered November 6, 1923, to indicate women's sport shirts; "Knickerbloom," first used September 24, 1925, registered February 23, 1926, to indicate knickerbockers and bloomers. Apparently without objection plaintiff has permitted the use of each of the same. In one of the proceedings instituted by plaintiff against the word "Knickerslip," plaintiff first insisted there was confusion, but later abandoned its position. One allowing the use of marks similar to his own, without complaint, obviously loses his monopolistic rights, at least, if such permission be extended to the extent of creating presumptive abandonment. See French Battery & Carbon Co. v. Prest-O-Lite Co., 49 App. D. C. 373, 265 F. 1013.

The basic word of plaintiff's trade-mark is the ordinary word "kick." Where there

has been use of a basic word by others, courts have quite commonly held that the inclusion of such word does not warrant a monopoly to the claimant. So it has been held there is no conflict between "Sunproof" and "Sun-Glo" (Patton Paint Co. v. Sunset Paint Co., 53 App. D. C. 348, 290 F. 323); between "Quaker City" and "Quaker-Maid" (Loughran v. Quaker City Chocolate & Confectionery Co., 296 F. 822 [3 C. C. A.]); between "Hyglo" and "Gloray" (Graf Bros., Inc., v. Marks, 41 F.(2d) 167, 19 T. M. R. 48, D. C. N. Y.); between "Sal-Tone" and "Sal-Vet" (S. R. Feil Co. v. John E. Robbins Co., 220 F. 650 [7 C. C. A.]); between "Roof Leak" and "Never Leak" (Sears, Roebuck & Co. v. Elliott Varnish Co., 232 F. 588 [C. C. A. 7]); between "Raindrops" and "Rain Water Crystals" (Sierra Chemical Co. v. Berettini, 33 F.(2d) 397 [C. C. A. 7]); between "Univent" and "Heatovent" (Herman Nelson Corporation v. Columbus Heating & Ventilating Co., 11 F.(2d) 273 [C. C. A. 6]); between "Speedway" and "Speedex" (Ansco Photoproducts, Inc., v. Eastman Kodak Co., 57 App. D. C. 246, 19 F.(2d) 720); between "Speed Wagon" and "Speedboy" (Reo Motor Car Co. v. Traffic Motor Truck Corp., 55 App. D. C. 227, 4 F.(2d) 303; between "Blue Whirl" and "Blue Streak" on the one hand, and "Blue Tip" on the other (Turner & Seymour Mfg. Co. v. A. & J. Mfg. Co. et al., 20 F.(2d) 298 [2 C. C. A.]). In each of these cases there was one word or syllable of common origin; in each of them the courts refused to say that there was confusion or infringement of plaintiffs' rights.

Other instances where the courts have refused to hold conflict are as follows: "Ruberoid" and "Rubbero" (Standard Paint Co. v. Trinidad Asphalt Co., 220 U. S. 446, 31 S. Ct. 456, 55 L. Ed. 536); "Barunduk" and "Burundells" (Blumenthal v. Salt's Textile Co. [D. C.] 21 F.(2d) 470); "Dysco" and "Selco" (Davies-Young Soap Co. v. Selig Co., 57 App. D. C. 12, 16 F.(2d) 352); "Union World" and "Union Leader" (American Tobacco Co. v. Globe Tobacco Co. [C. C.] 193 F. 1015); "Zonite" and "Zonox" (Zonite Products Co. v. Lloyd A. Jessen, 18 T. M. R. 59); "Palm Beach" and "Palm Knit" (Goodall Worsted Co. v. Palm Knitting Co., Inc., 56 App. D. C. 148, 10 F.(2d) 1013); "Liebros" and "Helbros" (Helbein-Stone Co., Inc., v. Liebermann Bros., 19 T. M. R. 382[1]); "Blue Ribbon" and "Blue Anchor" (Premier Malt Products Co. v. Kasser [D. C.] 23 F.(2d) 98, affirmed 26 F.(2d) 1021 [C. C. A. 3]); "Valvoline" and "Havoline" (Valvoline Oil Co. v. Havoline Oil Co. [D. C.] 211 F. 189); "Fashionknit" and "Fashion Club" (Franklin Knitting Mills, Inc., v. Kassman & Kesner, Inc., 56 App. D. C. 348, 13 F.(2d) 319); "College Comics" and "College Humor" (Collegiate World Publishing Co. v. Du Pont Publishing Co. [D. C.] 14 F.(2d) 158, 159, affirmed [C. C. A.] 25 F. (2d) 1018).

From an examination of these cases and the facts as they appear in the case at bar, I am of the opinion there is no probable confusion between the two trade-marks; that plaintiff is not entitled to monopoly in its alleged trade-mark; and that plaintiff's bill should be dismissed for want of equity at the plaintiff's costs. There will be a decree accordingly.