## TRAUB MFG. CO. v. R. HARRIS & CO.
### Patent Appeal No. 2779.

Court of Customs and Patent Appeals.
Nov. 27, 1931.

Edward S. Rogers, Allen M. Reed, and William T. Woodson, all of Chicago, Ill. (Browne & Phelps, of Washington, D. C., of counsel), for appellant.

Geo. E. Edelin, of Washington, D. C., for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

The appellee filed its application in the United States Patent Office on July 2, 1928, for the registration of a trade-mark used on finger rings, which mark, it represented, had been used by it continuously since June 26, 1928. The proposed trade-mark consists of the words "Diamond Blossom," arranged in a circle, with small diamond shaped spots between the words. It is applied to the articles sold, or the packages containing the same, by fastening thereto a celluloid label on which the trade-mark is shown.

The appellant duly filed notice of opposition, basing the same upon its continuous use of the trade-mark, "Orange Blossom," upon finger rings since prior to the year 1915. It also appears that this mark was registered by appellant on September 6, 1921, serial No. 146,380. This mark is used on the rings sold

by appellant, particularly on engagement and wedding rings.

A motion was made by appellee to dismiss the opposition. On final hearing, this motion was allowed by the Examiner of Interferences and registration was granted to the applicant. On appeal, the Commissioner of Patents affirmed the decision of the examiner.

The appellant opposer took the testimony of several witnesses, which appears in the record. From this record, it appears that the appellant has built up an extensive business around its trade-name, "Orange Blossom," aggregating $9,500,000; that its sales for the year 1928 were $1,115,000; and that it has expended $600,000 on advertising said mark. It further appears that such goods are sold throughout the United States generally, are highly regarded by the trade, and are known to dealers and buyers, generally, by their trade-name.

The appellee relied, in its answer to the notice of opposition, upon eight former registrations of marks which it is claimed so nearly approximate the registered mark of appellant, "Orange Blossom," as to narrow the scope of appellant's registration to the exact words claimed by it. Of these marks, only one, "Bridal Blossoms," was registered prior to appellant's mark, and the use thereof was not begun until November 1, 1920, long subsequent to appellant's use of its mark. It was held by the Commissioner that inasmuch as the appellant has stood by and permitted the registration of these various other marks, and, presumably, their use by the registrants, it cannot now claim confusion would result from the registration of another mark such as appellee's.

Both tribunals of the Patent Office were also of opinion that confusion in trade would not result from the registration of the trademark, "Diamond Blossom."

█ We are unable to concur with the Commissioner in his decision of these questions. The fact that the appellant may have stood by and permitted the use and registration of similar marks by others upon goods of the same descriptive properties cannot be held to estop the appellant from now asserting any rights it may have against the application for registration now made by appellee. As we said in Heger Products Co. v. Polk Miller Prod. Corp., 47 F.(2d) 966, 969, 18 C. C. P. A. (Patents) 1106: "There must be something more than mere acquiescence and delay in enforcing such rights. The right to claim the exclusive use of such trade-mark is a continuing right in the owner. This has been well settled by the authorities."

This court has not adhered to the doctrine that former registrations or use will give to an opposer's mark a limited application. The only question in such cases is: Is confusion in trade likely to result because of the registration of the applicant's mark? If so, registration should be denied. Sharp & Dohme v. Parke, Davis & Co., 37 F.(2d) 960, 17 C. C. P. A. (Patents) 842; American Fruit Growers v. Michigan Fruit Growers, 38 F.(2d) 696, 17 C. C. P. A. (Patents) 906; Cal. Pack. Corp. v. Tillman, etc., 40 F.(2d) 108, 17 C. C. P. A. (Patents) 1048; Standard Oil Co. v. Epley, 40 F.(2d) 997, 17 C. C. P. A. (Patents) 1224; MacEachen v. Tar Products Corp., 41 F.(2d) 295, 17 C. C. P. A. (Patents) 1264; Fed. Mill & Elevator Co. v. Pillsbury Flour Mills Co., 49 F.(2d) 1042, 18 C. C. P. A. (Patents) 1353; Weyenberg v. Hood, 49 F.(2d) 1046, 18 C. C. P. A. (Patents) 1449; National Biscuit Co. v. Sheridan, 44 F.(2d) 987, 18 C. C. P. A. (Patents) 720; Decker & Cohn v. Liebovitz, 46 F.(2d) 179, 18 C. C. P. A. (Patents) 781; Celotex Co. v. Millington, 49 F.(2d) 1053, 18 C. C. P. A. (Patents) 1484; Trustees, etc., v. McCreery, 49 F.(2d) 1068, 18 C. C. P. A. (Patents) 1507.

█ The goods of the respective parties herein are of the same descriptive properties. We are of opinion that the marks "Diamond Blossom" and "Orange Blossom" are so confusingly similar, that registration should be denied to the mark of appellee, the newcomer in the field.

The decision of the Commissioner of Patents is reversed, and an order will be entered sustaining the opposition.

Reversed.