## SUTTER PACKING CO. v. PIGGLY WIGGLY CORPORATION.
### Patent Appeal No. 3136.
Court of Customs and Patent Appeals.
May 22, 1933.

Jas. M. Naylor, of San Francisco, Cal. (Chas. R. Allen, of Washington, D. C., of counsel), for appellant.

E. W. Bradford, of Washington, D. C., for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

The petitioner, Sutter Packing Company, filed its application in the United States Patent Office on November 5, 1929, for registration of the trade-mark "Slices O'Gold," used by it in connection with the sale of canned fruits. It alleged that it had been using said mark continuously since July 19, 1928, on said goods.

The appellee, Piggly Wiggly Corporation, filed its opposition to said application, alleging, by its notice of opposition, that on March 6, 1923, it had obtained the registration of a trade-mark, "Sunset Gold," for butter; that since that time it had expanded its business to include various other food products, including canned fruits, canned vegetables, canned milk, and many other products; and that it believed it would be damaged by the registration of the appellant's mark "Slices O'Gold."

Several witnesses were called and examined by the opposer. This testimony shows the use of opposer's mark, "Sunset Gold," not only on butter, but on canned fruits and vegetables, long prior to the use by appellant of its mark, "Slices O'Gold."

The Examiner of Interferences sustained the opposition, which decision was affirmed by the Commissioner, and from the latter decision the appellant has brought the case here. The Commissioner held that the marks were

confusingly similar; that the goods were of the same descriptive properties; and that any doubts should be resolved against the newcomer, the appellant.

In this court, the appellant admits that the respective goods of the parties are of the same descriptive properties, but claims that there is no confusing similarity of marks. The contention is also made that the burden was upon the opposer to prove confusion, and that it has failed to do so. The appellant further shows that on January 15, 1929, it registered, as a mark for canned fruits, "Sutter Slices O'Gold," which it insists should have been taken into account by the Patent Office tribunals in determining whether the marks "Sunset Gold" and "Slices O'Gold" are confusingly similar.

■■ We agree with the Commissioner of Patents that the marks, when applied to goods of the same descriptive properties, are confusingly similar, and that the registration of appellant's mark should not be allowed. We cannot agree with the appellant that proof of actual confusion must be made in such cases, but confusion in such cases will be presumed. Such has been the force and effect of our decisions in similar cases, some of the more recent of which are Traub Mfg. Co. v. R. Harris & Co., 53 F.(2d) 416, 19 C. C. P. A. 704; The American Prod. Co. v. Leonard, 53 F.(2d) 894, 19 C. C. P. A. 742; Hellman v. Oakford & Fahnestock, 54 F.(2d) 423, 19 C. C. P. A. 816; Miller Becker Co. v. King of Clubs, 56 F.(2d) 883, 19 C. C. P.

A. 1024; Derby Oil Co. v. White Star Refining Co., 62 F.(2d) 984, 20 C. C. P. A. ——.

■ If there were any doubt about this proposition, it ought to be resolved against the newcomer. We said, in California Packing Corp. v. Tillman & Bendel, 40 F.(2d) 108, 113, 17 C. C. P. A. 1048: " * * * The doctrine of the subject of doubt emanates from and is prompted by the fact that the applicant has the whole world to select from and it is no hardship to require him to select a trade-mark which will eliminate the probability of confusion."

We are unable to see wherein the appellant's case is aided by his prior registration of "Sutter Slices O'Gold." Even conceding that this might be a material circumstance, the appellee's use of its mark, "Sunset Gold," on goods of the same descriptive properties, antedated, also, the registration of appellant's latter named mark. It is quite apparent, however, to the court, that there is a considerable difference between the mark, "Slices O'Gold," and "Sutter Slices O'Gold," and that there might well be a difference between said marks as to whether confusion in trade would result. That question, however, is not now before us, and the court expresses no opinion thereon, or as to the validity of the appellant's said registered mark, "Sutter Slices O'Gold."

The decision of the Commissioner of Patents is affirmed.

Affirmed.