## GLENMORE DISTILLERIES CO. v. NATIONAL DISTILLERS PRODUCTS CORPORATION.

### No. 4409.

Circuit Court of Appeals, Fourth Circuit.

Jan. 30, 1939.

Guy B. Hazelgrove, of Richmond, Va. (Williams, Mullen, Williams & Hazelgrove, of Richmond, Va., James H. Gold, of Louisville, Ky., Edward G. Fenwick, of Washington, D. C., and Ralph T. Catterall, of Richmond, on the brief), for appellant.

Thomas B. Gay, of Richmond, Va. (Hunton, Williams, Anderson, Gay & Moore, of Richmond, Va., Breed, Abbott & Morgan, Hugh S. Williamson, Gerald J. Craugh, and Edward A. Craighill, Jr.,

all of New York City, and Lewis F. Powell, Jr., of Richmond, Va., on the brief), for appellee.

Before PARKER and SOPER, Circuit Judges, and CHESNUT, District Judge.

SOPER, Circuit Judge.

This suit for trade mark infringement was instituted by Glenmore Distilleries Company, owner of the trade mark Kentucky Tavern, as applied to whisky, to enjoin the use by National Distillers Products Corporation of the mark Town Tavern on whisky or other alcoholic beverages. The District Judge rendered an opinion (D.C., 23 F.Supp. 928) in which he held that the similarity of the marks was not such as to be likely to confuse a purchaser of the goods exercising ordinary caution in his dealings; and since there was no claim of unfair competition by fraudulent simulation on the part of the defendant, the bill of complaint was dismissed.

We are in accord with this conclusion. The appellant, recognizing that it has no right to appropriate the word Kentucky as applied to· whisky, nevertheless insists that Tavern is the dominating word in the name, Kentucky Tavern, and that any use of it by a manufacturer of distilled liquors constitutes an infringement of the mark. It is by no means certain that the word Tavern, which in one significance indicates a place where intoxicating liquors are kept for sale, is subject to appropriation by a manufacturer of whisky. The evidence shows a number of instances in which the word has been used in combination with other words as a trade mark for whisky both before and after the adoption and use of the plaintiff's mark. However that may be, it is sufficient here to say that no infringement exists.

It is impossible to lay down a general rule that either word in an established trade mark of two words is of such importance that its use in other combinations on the same kind of goods would constitute infringement.[1] Every case must

---

[1] In the following cases the first words or syllables of competing trade marks were different, while the second words or syllables were the same, and it was held that there was infringement: Coca-Cola Co. v. Old Dominion Beverage Corp., 4 Cir., 271 F. 600; Bona Ami Co. v. McKesson & Robbins, Cust. & Pat.App., 93 F.2d 915; The Pep Boys v. Fisher Bros., Cust. & Pat.App., 94 F.2d 204; In re Coca-Cola Bottling Co., Cust. & Pat.App., 49 F.2d 838; Traub Mfg. Co. v. Harris & Co., Cust. & Pat.App., 53 F.2d 416; Sutter Packing Co. v. Piggly-

480

of course be decided upon its own facts. "What degree of resemblance is necessary to constitute an infringement is incapable of exact definition, as applicable to all cases. All that courts of justice can do, in that regard, is to say that no trader can adopt a trade-mark, so resembling that of another trader, as that ordinary purchasers, buying with ordinary caution, are likely to be misled." McLean v. Fleming, 96 U.S. 245, 251, 24 L.Ed. 828. In our opinion, such a resemblance between the trade marks used by the parties to this case does not exist.

Affirmed.

Wiggly Corp., Cust. & Pat.App., 64 F. 2d 1006; Marsh Capron Mfg. Co. v. Bates Machine & Tractor Co., 53 App. D.C. 235, 289 F. 633.

In the following cases, the first word of each trade mark was different and the second word was the same, and it was held that there was no infringement: John Morrell & Co. v. Doyle, 7 Cir., 97 F.2d 232, certiorari denied, 59 S.Ct. 146, 83 L.Ed. ——, November 7, 1938; Coca-Cola Co. v. Carlisle Bottling Works, D. C., 43 F.2d 101, affirmed 6 Cir., 43 F. 2d 119; Gold Dust Corp. v. Hoffenberg, 2 Cir., 87 F.2d 451; Armour & Co. v. Louisville Provision Co., D.C., 275 F. 92, affirmed 6 Cir., 283 F. 42, certiorari denied 260 U.S. 744, 43 S.Ct. 164, 67 L. Ed. 492; Sears-Roebuck & Co. v. Elliott Varnish Co., 7 Cir., 232 F. 588; Valvoline Oil Co. v. Havoline Oil Co., D.C., 211 F. 189; Eskimo Pie Corp. v. Honey Moon Pie Corp., D.C., 25 F.2d 154; Eskimo Pie Corp. v. Levous, D. C., 24 F.2d 599.

In the following cases, the first words or syllables of competing trade marks were identical, but the second words or syllables were not, and it was held that there was no infringement: Loughran v. Quaker City Chocolate & Confectionery Co., 3 Cir., 296 F. 822; Quaker State Oil Refining Co. v. Steinberg, 325 Pa. 273, 189 A. 473; Turner & Seymour Mfg. Co. v. A. & J. Mfg. Co., 2 Cir., 20 F.2d 298; Premier Malt Products Co. v. Kasser, D.C., 23 F.2d 98, affirmed 3 Cir., 26 F.2d 1021; Chance v. Gulden, 3 Cir., 165 F. 624; S. R. Feil Co. v. John E. Robbins Co., 7 Cir., 220 F. 650; Caron Corp. v. Vivaudou, Inc., 2 Cir., 4 F.2d 995; American Tobacco Co. v. Globe Tobacco Co., C.C., 193 F. 1015; Winget Kickernick Co. v. LaMode Garment Co., D.C., 42 F.2d 513.